## 30986. LIVELY v. THE STATE.

HALL, Justice.

Lively appeals from a conviction of murder and sentence of life imprisonment.

At the trial, the state called as a witness Browning, an accomplice who had been separately indicted and separately tried. Browning was asked, "Where were you and who were you with on the evening of Saturday, March 8, 1975." He replied, "I was with Louis Lively at Buck's Liquor Store." (The murder occurred on that date at the named location). Following this question and answer, Browning refused to answer any further questions claiming his Fifth Amendment privilege against self-incrimination. Lively's counsel attempted to cross examine him and he refused to answer on the self-incrimination ground. Counsel then moved to strike his testimony. The trial court ruled that Browning, by electing to testify at his own (prior) trial, had waived the privilege against self-incrimination as to this subject. The court instructed the witness that he should answer the defense counsel's question. The witness said, "Yes sir. Okay." The court then instructed the defense counsel to proceed with his cross examination. The defense counsel expressly declined to question the witness. The court

again requested defense counsel to proceed with the questions. Defense counsel again declined stating he disagreed with the court's ruling and that cross examination would be detrimental to his client. We find no harmful error in the trial court's refusal to strike Browning's testimony from the record. By refusing to cross examine, defense counsel waived any right to object based on a denial of cross examination.

Appellant also enumerates error on the part of the trial court in ruling that Browning had waived his right to remain silent by electing to testify at his own trial; but this contention was without merit. The privilege against self-incrimination is that of the person under examination as a witness and is intended for his protection only; the defendant on trial has no standing to raise this issue. United States v. Mayes, 512 F2d 637 (6th Cir. 1975); United States v. Zouras, 497 F2d 1115 (7th Cir. 1974); United States v. Dowdy, 486 F2d 1042 (5th Cir. 1973); United States v. Foster, 478 F2d 1001 (7th Cir. 1973); United States v. Skolek, 474 F2d 582 (10th Cir. 1973); United States v. Howell, 470 F2d 1064 (9th Cir. 1972); United States v. Goodwin, 470 F2d 893 (5th Cir. 1972); United States v. Le Pera, 443 F2d 810 (9th Cir. 1971); United States v. Ceniceros, 427 F2d 685 (9th Cir. 1970); Sharp v. United States, 410 F2d 969 (5th Cir. 1969); Long v. United States, 360 F2d 829 (D.C. Cir. 1966); Hudson v. United States, 197 F2d 845 (5th Cir. 1952); Beauvoir Club v. State, 148 Ala. 643 (42 S 1040) (1907); State v. Cassady, 67 Ariz. 48 (190 P2d 501) (1948); State v. Snyder, 244 Ia. 1244 (59 NW2d 223); Samuel v. People, 164 Ill. 379 (45 NE 728) (1896); State v. Davis, 208 La. 954 (23 S2d 801) (1945); State v. Marchese, 14 N. J. 16 (101 A2d 13) (1953); State v. Britton, 79 Cal. App. 2d 125, 178 P.2d 341 (Wash. 1947); State v. Hanley, 249 Wis. 399, 24 NW2d 683 (1946). See also 8 Wigmore on Evidence §§ 2196 (2) (a) 2270 (McNaughton rev. 1961); McCormick on Evidence, § 72 et seq. (1954).

We have carefully reviewed the evidence in this transcript and hold that the evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 8, 1976.

*Horace T. Clary, Jim M. Foss,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.