## A02A1076. UPSHAW v. THE STATE.
### (570 SE2d 640)

RUFFIN, Judge.

A jury found Jerome Upshaw guilty of possession of cocaine, possession of cocaine with intent to distribute, possession of cocaine within 1,000 feet of a housing project, and possession of a firearm by a convicted felon.[1] On appeal, Upshaw contends the trial court erred in denying his motion to suppress, admitting evidence of a similar transaction, and permitting the State to introduce character evidence. Upshaw also asserts that he received ineffective assistance of both appellate and trial counsel. As Upshaw's claims of error lack merit, we affirm.

The record demonstrates that federal law enforcement officers were investigating a bank robbery that occurred in Alabama. In connection with this investigation, the officers obtained a search warrant for an apartment in Columbus, Georgia, which was located in a public housing development. When the officers executed the warrant, they detained Upshaw, who was the only person in the apartment. During their search, the officers discovered crack cocaine, handguns, a scale, and approximately 200 plastic bags. The officers arrested Upshaw, searched him, and discovered a pager and over $800 in cash. Police took Upshaw to local police headquarters where he was

---

[1] Although the jury found Upshaw guilty of theft by receiving also, the trial court reversed this conviction on motion for new trial based upon insufficiency of the evidence.

told that drugs were found in the apartment. Upshaw immediately responded, "[a]ll of that stuff is mine." Detective Charles Kennedy then read Upshaw his *Miranda* rights, which Upshaw waived before providing a written statement in which he, once again, admitted that the drugs and drug paraphernalia belonged to him.

1. Prior to trial, Upshaw filed a motion to suppress evidence discovered at the apartment, asserting that the search warrant was insufficient as a matter of law. The trial court denied the motion, and the evidence — including the crack cocaine, scales, and baggies — was admitted at trial. As each item of evidence was tendered, Upshaw's attorney was asked if he had any objection to its admissibility. Each time, the attorney responded in the negative.

"When a motion to suppress has been filed, merely failing to object to the admission of the evidence does not constitute a waiver of the grounds asserted in the motion."[2] But *"affirmatively stating* there is no objection in effect concedes the point."[3] Thus, by stating that he had no objection to the admission of the evidence, Upshaw's counsel conceded its admissibility, waiving any objection.[4]

2. Upshaw contends that the trial court erred in admitting evidence of a similar transaction. Specifically, he asserts that the facts surrounding his prior guilty plea to possession of cocaine were not sufficiently similar to the offense for which he was on trial to warrant the admission of the similar transaction evidence. But while Upshaw objected to the introduction of this evidence during the pretrial hearing, he failed to object to its admission at trial. The rule requiring that a party object at trial to similar transaction evidence is firm, and we are bound to follow it.[5] Here, by failing to object, Upshaw waived this issue on appeal.[6]

3. Upshaw also alleges that the trial court abused its discretion in allowing the State to introduce evidence regarding "his involvement in an Alabama bank robbery." Upshaw sought to exclude this evidence, arguing that it impermissibly placed his character in evidence. However, the trial court concluded that the evidence was necessary to explain why federal agents were executing the warrant, which led to the discovery of the cocaine and to Upshaw's arrest.

As a general rule, "all the circumstances connected with a defendant's arrest are admissible as part of the res gestae."[7] If relevant, such evidence will not be excluded simply because it inciden-

---

[2] *Crenshaw v. State*, 248 Ga. App. 505, 508 (2) (546 SE2d 890) (2001).

[3] (Punctuation omitted.) Id.

[4] See *Mack v. State*, 251 Ga. App. 407, 408 (1) (554 SE2d 542) (2001).

[5] *McNair v. State*, 240 Ga. App. 324, 325 (2) (523 SE2d 392) (1999).

[6] See id.; *Giraudy v. State*, 252 Ga. App. 219, 221 (3) (555 SE2d 874) (2001).

[7] *Gober v. State*, 249 Ga. App. 168, 173 (6) (547 SE2d 656) (2001).

tally puts the defendant's character in issue.[8] Here, the sole reason that federal agents were in the apartment was to execute a warrant that was issued in connection with a bank robbery. As the officers must have a legal basis for entering the apartment, we agree with the trial court that evidence regarding the issuance of the warrant was properly admitted.[9] Moreover, assuming that such evidence does not come within res gestae, its admission provides no basis for reversal. Given the fact that Upshaw confessed to possessing the cocaine, any error in admitting evidence implicating Upshaw in an unrelated crime would be harmless.[10]

4. Finally, Upshaw contends that he received ineffective assistance of counsel. The record shows that, following Upshaw's conviction, he obtained a new attorney, William Nash, to represent him at his motion for new trial. Nash successfully argued that Upshaw's conviction for theft by receiving should be reversed. Nash also asserted that Upshaw received ineffective assistance of trial counsel in that counsel failed to investigate and interview witnesses and failed to object to the admission of evidence in aggravation of sentencing. The trial court rejected these arguments and denied Upshaw's motion for new trial.

Evidently, Nash withdrew from representing Upshaw as yet another attorney is representing him on this appeal. Upshaw's current appellate counsel contends that Nash rendered ineffective assistance of appellate counsel based upon his "fail[ure] to raise any of the issues concerning ineffective assistance of trial counsel that present appellate counsel wish[es] to raise." Present counsel asks that, if this Court cannot ascertain trial counsel's ineffectiveness from the record, that we remand the case to the trial court for a hearing on the issue.

It is well settled that a defendant must raise all allegations of ineffective assistance of counsel as soon as practicable.[11] As an attorney cannot reasonably be expected to assert his or her own ineffectiveness, the issue generally is raised when new counsel appears on behalf of the defendant.[12] "The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review."[13] When new counsel raises the issue of ineffective assistance, this Court will review only those allegations of

---

[8] See id. at 173-174.

[9] See *Jackson v. State*, 251 Ga. App. 781, 782-783 (1) (555 SE2d 136) (2001).

[10] See *Shelton v. State*, 252 Ga. App. 444, 447-448 (3) (556 SE2d 540) (2001) (applying harmless error analysis to erroneous admission of evidence surrounding arrest).

[11] See *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991); *Parker v. State*, 249 Ga. App. 509, 512 (3) (548 SE2d 475) (2001); *Massey v. State*, 247 Ga. App. 827, 828 (2) (545 SE2d 66) (2001).

[12] See *White*, supra.

[13] Id.

ineffectiveness raised.[14] Any remaining allegations are procedurally barred.[15] Here, Upshaw raised the issue of ineffective assistance of trial counsel through his first appellate attorney, Nash. Accordingly, any additicnal allegations of ineffective assistance. are procedurally barred.[16]

The fact that Upshaw raises this issue under the guise of an ineffective assistance of appellate counsel claim does not alter our analysis. A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. Once a claim is procedurally barred, there is nothing for this Court to review.[17] To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment. As Upshaw does not contend that his appellate attorney was ineffective in any other aspect of his representation, this claim of error presents no basis for reversal.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED AUGUST 28, 2002.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Stacey S. Jackson, Assistant District Attorney*, for appellee.

---

[14] See *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998).
[15] See id.
[16] See id.
[17] See *Adams v. State*, 239 Ga. App. 42, 43 (2) (520 SE2d 746) (1999).