### A04A2180. WILLIAMS v. THE STATE.
(606 SE2d 594)

MILLER, Judge.

Freddie Williams appeals from a guilty verdict on two counts of aggravated assault arising from his acceleration toward two police officers at a roadblock. We find no error and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Williams was driving without a license when two uniformed police officers manning a roadblock stepped in front of Williams's slowing car with their hands raised for him to stop. Williams then accelerated, forcing both officers to jump out of the way, with one losing his footing and falling onto the asphalt. Williams drove away from the roadblock, initiating a chase during which he threw bags of marijuana and compact discs from his car. When Williams finally stopped, he locked his doors, started blowing his horn, and was apprehended only after officers smashed his driver's side window. Williams pled guilty to driving without a license and to fleeing and attempting to elude police officers. After a bench trial, the court found Williams guilty of two counts of aggravated assault, and sentenced him as a recidivist to twenty years with six to serve. He appeals on the grounds that the evidence was insufficient to support the verdict and that he was denied effective assistance of counsel.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

There was evidence to support the jury's verdict that Williams committed aggravated assault when he accelerated toward the police officers, putting them in reasonable apprehension of immediate injury. See OCGA §§ 16-5-21 (a) (2); 16-5-20 (a) (2); *Thomas v. State*,

255 Ga. App. 777, 778 (1) (567 SE2d 72) (2002) (acceleration toward officer sufficient to show intent); *Reynolds v. State*, 234 Ga. App. 884, 885-886 (1) (b) (508 SE2d 674) (1998) (whether automobile was used as a deadly weapon is a question for the jury).

2. Williams argues that he was denied effective assistance of counsel when trial counsel did not request a charge on the lesser included offenses, did not inform the court of the minimum sentence, and did not prepare adequately. He also contends that he received ineffective assistance when first appellate counsel failed to raise these matters in an amended motion for new trial. Williams asks for a new trial, or for a remand to the trial court for an evidentiary hearing on the latter issue.

As the State concedes, it is possible that first appellate counsel should have raised a claim of ineffectiveness in the amended motion for new trial. As we have held, however, counsel's failure to do so amounted to a waiver of this claim in all its forms. *Mullins v. State*, 267 Ga. App. 393, 399 (5) (599 SE2d 340) (2004); *Upshaw v. State*, 257 Ga. App. 199, 201-202 (4) (570 SE2d 640) (2002). "A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel." *Upshaw*, supra, 257 Ga. App. at 202 (4). The only means by which Williams may pursue his claim of ineffective appellate counsel is a habeas corpus proceeding. See *Mullins*, supra, 267 Ga. App. at 399 (5); *Mallon v. State*, 266 Ga. App. 394, 398-399 (4) (597 SE2d 497) (2004).

The trial court properly denied his motion for new trial, and Williams's motion to remand is likewise denied.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004.

*Mau & Kondritzer, Kenneth D. Kondritzer, Michael A. Edmunds, Robert H. Citronberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Anthony Volkodav, Jr., Assistant District Attorneys*, for appellee.