## A05A0223. GODFREY v. THE STATE.
(617 SE2d 213)

ADAMS, Judge.

Otis Edward Godfrey appeals from the trial court's denial of his motion for new trial following his conviction on one count of burglary. We affirm.

Viewed in the light most favorable to support the verdict, the evidence shows that on January 23, 2003, Ryan Cash pulled into the driveway of the home she shared with her father, Charles Cash. As she drove up, Ryan saw a man running across the driveway, carrying a painting that hung over the fireplace in her father's room. Ryan recognized the man as Otis Godfrey. Cash knew Godfrey as the boyfriend of Christina Mull, who had previously rented an apartment in the Cashes' house. The man ran toward a white Oldsmobile that was parked on a path near the house. Ryan recognized this car as belonging to Mull because she had seen it at her house when Mull was staying there.

After Godfrey disappeared from her sight, Ryan called her parents and notified the police. She then discovered that the door to the garage was open and that it appeared that someone had kicked in the door leading from the garage to the house. When Gwinnett County police arrived, Ryan identified Godfrey as the man she had seen and later picked his picture out of a police lineup.

Mull testified that she had rented an apartment from Charles Cash for approximately two years. Mull also testified that she drove a white Oldsmobile, but she stated that she was in Hawaii at the time of the robbery and that her car was parked at an extended-stay hotel.

---

She said that she had the only set of keys to the car with her in Hawaii, and that Godfrey could not have driven her car to the Cashes' house.

But Detective Chip Moore of the Gwinnett County Police Department testified in rebuttal that during a conversation with Mull just after the burglary, she stated that Godfrey used to have a set of keys to her Oldsmobile, but she had taken them back. Mull conceded, however, that Godfrey could have made a copy of the keys during the time he had them. Mull denied ever making such a statement to Officer Moore.

The defense also presented the testimony of a witness who said she had loaned her car, a silver Daewoo, to Godfrey during the period covering the burglary. Further, Godfrey testified at the trial and denied that he had driven Mull's car and further denied any involvement in the burglary.

1. Godfrey first asserts that he was denied effective assistance of counsel at trial, arguing that his trial attorney was ineffective (1) in failing to object to the state's requested charge on possession of recently stolen property; (2) in failing to request a jury charge of identification; (3) in failing to reserve his objections to the jury charge; and (4) in failing to request the funds to hire an expert on identification.

> In determining whether a defendant received ineffective assistance of counsel, the appellate courts apply the two-prong test set forth in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the convicted defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense.

(Citation and punctuation omitted.) *Scieszka v. State,* 259 Ga. App. 486, 488 (2) (578 SE2d 149) (2003). And Georgia appellate courts will affirm a trial court's determination that a defendant received effective assistance of counsel unless it is clearly erroneous. *Morton v. State,* 265 Ga. App. 421, 422 (1) (594 SE2d 664) (2004).

Additionally, Godfrey had the burden of overcoming the strong presumption that trial counsel provided effective representation, and where a trial attorney's strategy and trial tactics were reasonable at the time, we will not find ineffective assistance of counsel. *Welbon v. State,* 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

(a) Godfrey asserts that his trial attorney was ineffective in failing to object to the state's requested charge that Godfrey's possession of recently stolen property was one circumstance to be considered by the jury, along with other evidence, in determining whether

he was guilty of burglary. The decision whether to request or to object to a particular jury charge falls into the category of trial strategy:

> Trial tactics, however mistaken they may appear with hind-sight, are almost never adequate grounds for finding trial counsel to have been ineffective so as to overturn a conviction. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citations and punctuation omitted.) *Brantley v. State*, 271 Ga. App. 733, 736 (1) (611 SE2d 71) (2005).

Although Godfrey takes issue with his attorney's failure to object to this charge, he provides no argument as to why this omission rendered his attorney's performance deficient. Nor did he present any testimony from his trial attorney at the hearing on his motion for new trial. It is "extremely difficult" to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance where trial counsel does not testify at the motion for new trial hearing. *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003). Under these circumstances, we find that Godfrey has failed to carry his burden under *Strickland v. Washington* that his trial attorney's performance was deficient in failing to object to this charge.

Moreover, we find that Godfrey failed to show how any alleged deficiency prejudiced his defense. The prosecutor stated at trial that she was requesting the charge because Ryan Cash did not actually see Godfrey inside the house, but only saw him outside with the painting. And the trial judge concluded that he saw "no harm" in giving it. Thus, the charge as given was a correct statement of the law and authorized by the evidence,[1] and we find no clear error in the trial court's determination that Godfrey did not receive ineffective assistance of counsel on this ground.

(b) Godfrey also asserts that his trial counsel was ineffective in failing to request a charge on identification at trial. He notes that his trial attorney failed to present notice of an alibi defense, leaving misidentification as his sole defense. Without his trial counsel's testimony on this issue, Godfrey once again faces extreme difficulty in overcoming the inherent presumption that his trial counsel's performance was adequate:

---

[1] See *Ford v. State*, 201 Ga. App. 382, 383 (2) (411 SE2d 334) (1991); *Davis v. State*, 191 Ga. App. 566, 568 (5) (382 SE2d 396) (1989).

Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.

(Citation and punctuation omitted.) *Aleman v. State*, 227 Ga. App. 607, 612 (3) (b) (489 SE2d 867) (1997).

But even assuming that his attorney was deficient in failing to request this instruction, Godfrey has failed to establish how this deficiency prejudiced his defense. Godfrey's trial counsel argued misidentification to the jury, and the trial judge thoroughly charged the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, conflicting testimony, direct and circumstantial evidence, impeachment of witnesses, and prior inconsistent statements. Considering the trial court's charge as a whole and in light of the evidence, we find that Godfrey has failed to establish a reasonable probability that the trial would have had a different outcome if his counsel had requested an instruction on identification. See *Springs v. Seese*, 274 Ga. 659, 662 (3) (558 SE2d 710) (2002); *Clay v. State*, 232 Ga. App. 656, 658 (1) (c) (503 SE2d 560) (1998).

(c) Because Godfrey failed to show any error in the jury instructions, he cannot establish ineffective assistance of counsel based on his attorney's failure to reserve objections to the charge. See *Jones v. State*, 263 Ga. 835, 838 (2) (439 SE2d 645) (1994); *New v. State*, 270 Ga. App. 341, 345 (2) (b) (606 SE2d 865) (2004); *Millen v. State*, 267 Ga. App. 879, 883 (2) (a) (iv) (600 SE2d 604) (2004).

(d) Although Godfrey further contends that his trial attorney was ineffective in failing to request funds to secure an expert witness on the issue of identification, he failed to raise that argument in his motion for new trial. Thus, he waived the right to argue this issue on appeal. "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived." (Citations omitted.) *Wilson v. State*, 277 Ga. at 200 (2). See also *Allen v. State*, 263 Ga. App. 350, 353 (2) (587 SE2d 833) (2003).

2. Godfrey next argues that he received ineffective assistance of appellate counsel from E. Ronald Garnett, the attorney who handled his motion for new trial. After the trial court denied his motion for new trial and this appeal was filed, Godfrey obtained new appellate counsel to represent him. He asserts for the first time in this appeal that Garnett was ineffective in failing to call the trial attorney to testify at the motion hearing, in failing to adequately prepare Godfrey's brother to testify, and in failing to pursue all viable issues in the motion for new trial.

The first issue we must address is whether Godfrey raised the issue of ineffective assistance of appellate counsel in a timely fashion:

> It is well settled that a defendant must raise all allegations of ineffective assistance of counsel as soon as practicable. . . . The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review. When new counsel raises the issue of ineffective assistance, this Court will review only those allegations of ineffectiveness raised. Any remaining allegations are procedurally barred.

(Punctuation and footnotes omitted.) *Upshaw v. State*, 257 Ga. App. 199, 201-202 (4) (570 SE2d 640) (2002).

Because Godfrey's current appellate counsel did not undertake his representation until after the appeal was filed, he did not have the opportunity to raise his claim of ineffective assistance before the trial court. Under such circumstances, this Court will generally remand the case for an evidentiary hearing on the issue. *Grier v. State*, 262 Ga. App. 777, 781 (3) (586 SE2d 448) (2003). "Remand is not mandated, however, if we can determine from the record that [Godfrey] cannot satisfy the two-prong test set forth in *Strickland v. Washington*. . . ." (Citation and punctuation omitted.) Id.

Godfrey first asserts that Garnett's post-conviction representation was deficient because he failed to present the testimony of his trial attorney at the motion hearing. But we find that Godfey cannot satisfy the two-prong *Strickland v. Washington* test with regard to this argument because he cannot show how this omission prejudiced his post-conviction efforts. Even if Garnett presented this testimony and it somehow demonstrated that the trial attorney's performance was deficient as argued in Division 1 above, we have already found that any alleged deficiencies did not prejudice Godfrey's defense at trial. Thus, Godfrey cannot establish that the failure to call the trial attorney affected the outcome of his motion for new trial.

Further, we do not believe that Godfrey can satisfy the *Strickland* test with regard to his claim that Garnett failed to adequately prepare his brother to testify regarding his alibi defense at the motion hearing, as he has failed to describe for us how additional preparation would have changed the outcome of his motion. *Vanholten v. State*, 271 Ga. App. 782, 784 (2) (d) (610 SE2d 555) (2005). Thus this argument presents nothing more than a "bold assertion[ ] that the outcome of his trial would have been different" without any discussion of why this would be the case. Id. "Such speculation raises no more than a mere possibility, a showing which is insufficient to

establish ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) Id.

And although Godfrey also asserts that Garnett was ineffective in failing to raise certain claims in the motion for new trial, that argument does not provide a basis for remand. Garnett raised the issue of the ineffective assistance of Godfrey's trial attorney in the motion for new trial; thus, any allegations of ineffective assistance not raised in that motion are procedurally barred. *Upshaw v. State*, 257 Ga. App. at 202; *Seese v. State*, 235 Ga. App. 181, 184 (3) (509 SE2d 94) (1998). And Godfrey cannot resuscitate these arguments by "bootstrapping" them to a claim of ineffective assistance of appellate counsel. *Williams v. State*, 270 Ga. App. 371, 372 (2) (606 SE2d 594) (2004); *Upshaw v. State*, 257 Ga. App. at 202. "Once a claim is procedurally barred, there is nothing for this Court to review." (Footnote omitted.) *Upshaw v. State*, 257 Ga. App. at 202. Accordingly, we will not consider Godfrey's argument that Garnett failed to raise these issues in the motion for new trial.

Accordingly, we decline to order the remand of this case for further proceedings on this issue.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JULY 8, 2005.

*Hurl R. Taylor, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, Mary E. Leonard, Assistant District Attorney*, for appellee.

