## S07A1354. KING v. THE STATE.

(651 SE2d 711)

CARLEY, Justice.

Gabriel Jenkins died at the age of 13 months. The autopsy showed that he suffered blunt force trauma to his abdomen, resulting in hemorrhage and peritonitis. The child's body also displayed bruises on his face, chest, back, buttocks and thigh. The grand jury indicted Willie King, who was the live-in boyfriend of the victim's mother, on charges of murder and lesser included offenses. The jury acquitted King of malice murder, but found him guilty on two alternative counts of felony murder, with cruelty to a child and aggravated assault being the predicate felonies, and also guilty of counts charging cruelty to a child and aggravated assault separately. The trial court found that all other counts merged into the count charging felony murder during the commission of cruelty to a child, and entered judgment of conviction on the guilty verdict as to that offense and imposed a sentence of life imprisonment. King's motion for new trial was denied, and he now brings this appeal.[*]

1. An independent review of the record shows that, at trial, the State introduced inculpatory statements that King made to the investigating officers. King did not testify in his own defense, but his attorney attempted to show that the victim's mother was responsible for beating the child. King's inculpatory statements were challenged as untruths that he told to protect his girlfriend. Construing the evidence most strongly in support of the guilty verdict, however, the jury was authorized to find proof beyond a reasonable doubt that King violated OCGA § 16-5-70 (b) by hitting the child, thereby maliciously

---

[*] The crime was committed on October 1, 1998, and the grand jury indicted King on October 26, 1998. The jury found him guilty on March 31, 1999, and the trial court entered the judgment of conviction and imposed the life sentence on that same day. King filed a motion for new trial on April 29, 1999, which the trial court denied May 8, 2007. King filed a notice of appeal on May 11, 2007, and the case was docketed in this Court on May 22, 2007. The case was submitted for decision on July 16, 2007.

causing him to suffer cruel and excessive physical pain and, eventually, death. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sauerwein v. State*, 280 Ga. 438 (1) (629 SE2d 235) (2006).

2. King contends that he was denied his constitutional right to counsel, because his trial attorney did not provide him with effective legal representation.

> To prevail on that claim requires proof that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In order to meet this burden, [King] must overcome the strong presumption that the performance of his defense counsel falls within the broad range of reasonable conduct. [Cit.] Here, that presumption was reinforced by the testimony of [King's] trial attorney herself, who appeared at the hearing on the motion for new trial where she explained her challenged actions and inactions. Having heard all of the evidence, including counsel's testimony, the trial court found no merit in the ineffectiveness claim. On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. [Cit.]

*Wiggins v. State*, 280 Ga. 627, 628-629 (2) (632 SE2d 80) (2006).

(a) King first alleges that counsel was ineffective in failing to request a jury instruction on involuntary manslaughter as a lesser included offense.

At the hearing on the motion for new trial, trial counsel testified she had difficulty obtaining King's cooperation, and that "he would not speak to [her] about the facts of the case." The explanation he gave to her for making inculpatory statements to the officers was that he "said it, but [he] didn't do it." Based upon that, the attorney concluded that she

> had to go along with the theory that it had to be that the girlfriend [did] it instead of [King] doing it himself. . . . [W]e also tried to set up that theory in interviewing other witnesses in the case [who] said how they had seen [King] around the child as opposed to how the mother reacted to the child.

Insofar as the jury instructions are concerned, King's counsel

research[ed] issues of voluntary manslaughter and involuntary manslaughter to see if they fit in with the theory of the case. Of course, now, with him . . . it was a thing of ["]I did not do it.["] So it's contradictory to go back in and request alternate charges when you're saying, ["]no, I did not do it at all.["]

Accordingly, the record clearly shows that King's lawyer made the tactical decision to defend her client on the basis that he was innocent of any offense involving the death of the child, rather than by conceding that he was guilty of some lesser degree of homicide than murder. It is immaterial that another attorney may have made a different strategic decision and, relying on King's inculpatory statements instead of his claim of innocence, maintained that he was guilty only of involuntary manslaughter. See generally *Arnett v. State*, 245 Ga. 470, 472 (3) (265 SE2d 771) (1980). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, supra at 689 (III) (A). " 'Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.' [Cits.]" *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006). Based upon her interviews with King, it was entirely reasonable for the trial attorney to base the defense and, consequently, the requested jury instructions on his assertion of innocence, rather than on the inculpatory statements which he had expressly recanted.

"The fact that [King] and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [King] received representation amounting to ineffective assistance of counsel." [Cit.]

*DeYoung v. State*, 268 Ga. 780, 785-786 (5) (493 SE2d 157) (1997).

(b) King further contends that his lawyer performed ineffectively by failing to object to the following portion of the district attorney's closing argument:

A long time ago, it was said ["]who so shall offend one of these little ones, better for him that a millstone were hanging about his neck.["] The man that harmed that little one is in this courtroom. And the evidence is absolutely unrefutable.

We ask you to fulfill your oath and to hang that millstone around his neck and find him guilty on all counts.

King urges that this was a "reference[ ] to religion which invite[d] jurors to base their verdict on extraneous matters not in evidence . . . ." *Carr v. State*, 267 Ga. 547, 556 (7) (c) (480 SE2d 583) (1997). However,

we have long declined to disapprove of passing, oratorical references to religious texts in arguments by counsel, [cits.] [and] have distinguished those fleeting references from more direct references that urge that the teachings of a particular religion command [a certain verdict].

*Carruthers v. State*, 272 Ga. 306, 309 (2) (528 SE2d 217) (2000) (sentencing phase of death penalty case). Here, the reference made by the prosecutor was not only "fleeting." The source from which he drew the argument was never identified as the Bible or any other religious text. When questioned about her failure to object, defense counsel testified that it was a strategic decision because she did not consider the argument to be outside the parameters of acceptable argument. She was correct in that assessment, since counsel " ' "may allude to such principles of divine law relating to transactions of men as may be appropriate to the case." (Cit.)' [Cit.]" *Hill v. State*, 263 Ga. 37, 46 (19) (427 SE2d 770) (1993) (sentencing phase of death penalty case). Failing to make a meritless objection was not an instance of ineffectiveness on the part of King's trial attorney.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*L. Clark Landrum*, for appellant.
*Paul Bowden, District Attorney, Erika S. Johnson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.