### A08A0100. McGLOCKLIN v. THE STATE.
(664 SE2d 552)

PHIPPS, Judge.

Michael McGlocklin was tried by a jury and convicted of robbery. He was sentenced as a recidivist to serve 20 years, the first 18 years in confinement and the remainder on probation. After his conviction, McGlocklin was appointed appellate counsel who filed a motion for new trial and asserted, along with general grounds, several ineffective assistance of counsel claims. The trial court denied McGlocklin's motion for new trial, and he appealed. After McGlocklin filed several complaints against his appellate counsel with the State Bar of Georgia, she withdrew from representing him. Proceeding pro se, McGlocklin claims that the prior convictions used to enhance his punishment were invalid. Apparently, he attempts to raise this issue "under the guise of an ineffective assistance of appellate counsel claim."[1] Because McGlocklin's claim is procedurally barred, we decline to review it. We therefore affirm the trial court's judgment.

Prior to trial, the state notified McGlocklin of its intent to introduce several prior convictions from Tennessee in aggravation of punishment. At sentencing, the state introduced certified copies of seven prior convictions for armed robbery. The convictions were all based on guilty pleas taken on the same day and showed that McGlocklin was represented by counsel. The trial court informed McGlocklin that it was considering his prior record in sentencing him to 20 years, and the sentence reflected that he was being sentenced as a recidivist under OCGA § 17-10-7 (a) and (c). McGlock-

---

[1] *Upshaw v. State*, 257 Ga. App. 199, 202 (4) (570 SE2d 640) (2002).

lin's trial counsel did not challenge the seven prior convictions used to enhance his sentence.

McGlocklin now claims for the first time that the guilty pleas entered in Tennessee were not knowing and voluntary and that his appellate counsel should have raised this issue below. He requests that we remand the case to the trial court for an evidentiary hearing.

A defendant must raise all allegations of ineffective assistance of counsel as soon as practicable.[2] When new counsel appears for a defendant, he or she must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review.[3] Where new counsel raises the issue of trial counsel's ineffectiveness on motion for new trial, any ineffective assistance of trial counsel claims not raised at that time are waived.[4]

McGlocklin raised the issue of ineffective assistance of trial counsel through his appellate counsel. At McGlocklin's behest, she raised several ineffective assistance claims at the motion for new trial hearing. Because McGlocklin did not raise his trial counsel's failure to challenge his prior convictions at that time, that claim is procedurally barred.[5]

Insofar as it appears that McGlocklin is attempting to raise this issue under the guise of an ineffective assistance of appellate counsel claim, our analysis remains the same.

> A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment.[6]

Accordingly, we will not consider McGlocklin's apparent argument that his appellate counsel was ineffective for failing to raise this claim on motion for new trial, and we decline to remand the case for further proceedings on this issue.[7]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

---

[2] Id. at 201.

[3] Id.

[4] *Howard v. State*, 281 Ga. App. 797, 804 (6) (637 SE2d 448) (2006).

[5] See *Upshaw*, supra at 202.

[6] Id. (citation omitted).

[7] See *Godfrey v. State,* 274 Ga. App. 237, 242 (2) (617 SE2d 213) (2005).

DECIDED JUNE 24, 2008.

Michael E. McGlocklin, *pro se*.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.