S08A1320. HILL v. THE STATE.
(668 SE2d 673)

CARLEY, Justice.

After a jury trial, Kendius Quwantez Hill was found guilty of the malice murder of Travis Gober. The trial court entered judgment of conviction and sentenced Hill to life imprisonment. Thereafter, the trial court granted an out-of-time appeal and subsequently denied a motion for new trial. Hill appeals, enumerating as error ineffective assistance of trial counsel.[*]

1. Construed most strongly in support of the verdict, the evidence shows that Mario Hanes told several persons that he

---

[*] The homicide occurred on May 3, 2005, and the grand jury returned an indictment on May 18, 2006. The jury found Hill guilty on March 2, 2007 and, on the same day, the trial court entered judgment. The motion for out-of-time appeal was filed on April 4, 2007 and granted on April 9, 2007. The motion for new trial was filed on April 11, 2007, amended on January 29,

wanted revenge for a robbery committed by the victim. According to the eyewitness testimony of Eric Pollock, Hanes handed a gun to Hill, who ran up to the victim, accused him of robbery, and fatally shot him in the head. After his arrest, Hill gave police conflicting statements, initially denying involvement and then accusing Hanes of shooting the victim. Hill finally admitted that he shot the victim, but claimed that he acted in self-defense. This evidence was sufficient for a rational trier of fact to find Hill guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 280 Ga. 205 (1) (625 SE2d 1) (2006). " " '[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. (Cit.)" (Cit.)' [Cit.]" *Jones v. State*, supra at 206 (1).

2. In order to prevail on his claim of ineffective assistance under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Hill "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. [Cit.]" *White v. State*, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008). " 'On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)' [Cit.]" *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007).

(a) Hill contends that trial counsel rendered ineffective assistance by allowing certain hearsay to remain in evidence even though it undermined the defense strategy of convincing the jury that Pollock's testimony was the only corroboration of Hill's involvement and was seriously impeached.

When the prosecutor asked the lead detective an introductory question regarding how he became involved in this case, he testified that his unit received tips which he and fellow officers followed up and that, based on interviews of several witnesses, they "were able to establish Kendius Hill as the shooter." In its order denying the motion for new trial, the trial court correctly found that counsel's initial response to this testimony "was not deficient because trial counsel reasonably objected and moved for a mistrial . . . ." Indeed, defense counsel immediately objected and, outside the presence of the jury, made a motion for mistrial on the ground that the testimony was based on hearsay. The trial court denied that motion, but allowed a continuing objection and warned the detective not to go into what anyone else has said. When the jury returned, the prosecutor "turned to a different line of questioning. Thus, [Hill]

cannot show he was prejudiced by counsel's behavior regarding this witness. [Cit.]" *Jones v. State*, 278 Ga. 880 (608 SE2d 229) (2005). See also *Fennell v. State*, 271 Ga. App. 797, 801 (6) (b) (611 SE2d 96) (2005) (where "the prosecutor cut off the witness's response and the trial court also instructed the witness not to talk about" the matter).

Hill argues that his trial counsel should have sought curative instructions or at least obtained a ruling in the presence of the jury. As the trial court found, however, it "did give a curative instruction on hearsay ...." Soon after the jury returned, the trial court instructed the jury that "the law does not permit hearsay," briefly explained the rule, and "caution[ed] the detective not to go into anything anyone has said if that person is not going to appear and testify." Therefore, counsel's failure to seek curative instructions "had no effect on the outcome of the trial." *Lee v. State*, 280 Ga. 521, 522 (2) (b) (630 SE2d 380) (2006).

Furthermore, trial counsel's failure to seek a more extensive curative instruction does not constitute ineffective assistance. This omission appears to have been a matter of trial strategy since, at the hearing on the motion for new trial, lead counsel testified that curative instructions should be vague and should not overemphasize the error. See *Cross v. State*, 271 Ga. 427, 432 (3) (b) (520 SE2d 457) (1999). Regardless, the trial court properly found that "there was no actual prejudice because, in light of the evidence, another curative instruction would not reasonably have resulted in a different verdict. [Cit.]" The testimony at issue is cumulative of other admissible evidence, including Pollock's testimony and Hill's statement in which he admitted shooting the victim. See *White v. State*, supra at 570 (4); *Chenoweth v. State*, 281 Ga. 7, 11 (3) (635 SE2d 730) (2006).

(b) Hill further contends that trial counsel was ineffective in requesting a jury instruction which was contrary to the defense strategy of convincing the jury that there was insufficient corroboration of Hill's statement. That instruction reads as follows:

> [A] defendant's statement unsupported by any other evidence is not sufficient to justify a conviction. Proof beyond a reasonable doubt that the crimes alleged have been committed may but does not necessarily constitute supporting evidence of a defendant's statement, if any. Now, the law does not fix the amount of supporting evidence necessary. You, the jury, must determine whether or not other evidence sufficiently supports a defendant's statement so as to justify a conviction. If you find that there was a statement made by the defendant that was supported by other evidence, the degree of proof necessary to convict is that you be satisfied

of the guilt of the defendant beyond any reasonable doubt. Hill particularly complains of the second and third sentences.

" ' "Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Cits.)' [Cit.]" *King v. State*, supra at 507 (2). The instruction of which Hill complains is supported by appellate decisions and is virtually identical to the charge on corroboration of a defendant's statement in the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 1.32.70. See *Chapman v. State*, 275 Ga. 314, 315 (2) (565 SE2d 442) (2002); *Terrell v. State*, 271 Ga. 783, 786 (4) (523 SE2d 294) (1999); *Ford v. State*, 281 Ga. App. 114, 116 (2) (635 SE2d 391) (2006); *Brown v. State*, 198 Ga. App. 352 (1) (401 SE2d 568) (1991). The requested instruction supported the defense in that it required that Hill's statement be sufficiently supported by some other evidence so as to justify a conviction beyond a reasonable doubt. See *Johnson v. State*, 284 Ga. App. 724, 728 (4) (c) (644 SE2d 544) (2007). At the very least, trial counsel's decision to request the charge was not patently unreasonable. See *King v. State*, supra; *Arellano v. State*, 289 Ga. App. 148, 153 (4) (656 SE2d 264) (2008).

Moreover, there is no reasonable probability that the charge would not have been given but for the request by defense counsel, because the State requested the exact same jury instruction. See *Arellano v. State*, supra at 152 (4). In addition, Hill has failed to show a reasonable probability that, if the charge had not been given, the jury's credibility determinations and weighing of the evidence would have resulted in a different verdict. Accordingly, he "has not shown ineffective assistance on this ground. [Cit.]" *Arellano v. State*, supra at 153 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

Kendius Hill, *pro se.*

*Gwendolyn Keyes Fleming*, District Attorney, *Barbara B. Conroy, Daniel J. Quinn*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Sara K. Sahni*, Assistant Attorney General, for appellee.