A08A2338. HILLS v. THE STATE.
(673 SE2d 614)

PHIPPS, Judge.

Jeremy Hills appeals the denial of his motion to withdraw his guilty plea, arguing that he received ineffective assistance of post-conviction counsel at the hearing on his motion to withdraw the plea. As explained below, because no hearing has been held on post-conviction counsel's ineffectiveness, and because we cannot determine from the record that Hills is unable to show ineffectiveness,[1] we vacate the order denying the motion to withdraw the plea and remand the case for an evidentiary hearing on this issue.

On May 7, 2001, Hills pled guilty to and was sentenced to life imprisonment for the forcible rape of an 11-year-old girl.[2] The following month, represented by different post-conviction counsel, Hills moved to withdraw the guilty plea, arguing that he was not fully informed of the consequences of the plea and did not freely and knowingly enter the plea. The only testimony presented at the hearing on the motion was that of Hills, who contended that his plea counsel had been untruthful to him during the plea process. Among other things, Hills testified that his plea counsel told him that his wife, whom he represented to be "the key [defense] witness in the case," was unwilling to testify for him at a trial. Hills further testified that, after pleading guilty, he learned that his wife had been willing to testify but had been informed by plea counsel that she was

---

[1] See *Grier v. State*, 262 Ga. App. 777, 780-781 (3) (586 SE2d 448) (2003) (applying analysis of *Strickland v. Washington*, 466 U. S. 688 (104 SC 2052, 80 LE2d 674) (1984) to claim of ineffective post-conviction counsel).

[2] See OCGA § 16-6-1.

not needed. Hills testified that the actions of plea counsel misled him and resulted in the guilty plea.

On May 6, 2002, the court denied the motion to withdraw the plea, and on May 28, 2002, while still represented by the post-conviction counsel who handled the motion to withdraw his plea, Hills filed a notice of appeal.[3] After the appeal was filed, Hills's post-conviction counsel withdrew, and new appellate counsel entered an appearance on Hills's behalf.

Hills had a constitutional right to effective assistance from his post-conviction counsel during the hearing on his motion to withdraw his guilty plea.[4] "[A]ny contention concerning the violation of the constitutional right to counsel should be made at the earliest practicable moment."[5] Hills could not challenge the effectiveness of the counsel he received at the plea withdrawal hearing prior to appeal, because his allegedly ineffective post-conviction counsel continued to represent him through the filing of a notice of appeal and could not have ethically presented a claim that he had provided Hills with ineffective assistance.[6] Thus, Hills asserts for the first time in this appeal that his post-conviction counsel provided ineffective assistance by failing to call witnesses, other than himself, at the hearing on his motion to withdraw the guilty plea.

In *Godfrey v. State*[7] we held that a claim that post-conviction counsel provided ineffective assistance at the new trial phase of a criminal proceeding could, under certain circumstances, be raised for the first time on direct appeal. Like Hills, the defendant in *Godfrey* had been represented by one attorney at trial, a second attorney at the new trial phase of the proceedings, and a third attorney on appeal. The defendant alleged that his second attorney provided ineffective assistance by, among other things, failing to call the first attorney as a witness at the new trial hearing. Finding the claim timely raised, we held that "[b]ecause Godfrey's current appellate counsel did not undertake his representation until after the appeal was filed, he did not have the opportunity to raise his claim of ineffective assistance [of prior appellate counsel] before the trial court."[8] We noted in *Godfrey* that allegations of trial counsel's

---

[3] The appeal was not docketed until July 31, 2008, due to a delay in the transmission of the trial transcript to this Court.

[4] See *Fortson v. State*, 272 Ga. 457, 460 (1) (532 SE2d 102) (2000) (Sixth Amendment right to counsel applies to preparation and presentation of motion to withdraw guilty plea).

[5] *Hood v. State*, 282 Ga. 462 (651 SE2d 88) (2007) (citation and punctuation omitted); see also *Godfrey v. State*, 274 Ga. App. 237, 241 (2) (617 SE2d 213) (2005).

[6] See *Hood*, supra at 463; *Upshaw v. State*, 257 Ga. App. 199, 201 (4) (570 SE2d 640) (2002).

[7] Supra at 240-241 (2).

[8] Id. at 241. See generally *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991) (discussing

ineffectiveness, which had not been presented in the motion for new trial and were procedurally barred, could not be resuscitated by "bootstrapping" them to a claim of ineffective assistance of appellate counsel.[9] Allegations of appellate counsel's failure to call witnesses to support claims made in the new trial motion, however, were not procedurally barred and were properly considered for the first time on a direct appeal at which the defendant was represented by new counsel.[10]

Hills's claim of ineffective assistance of post-conviction counsel resembles the allegations that were properly raised on direct appeal in *Godfrey*. His post-conviction counsel filed a motion to withdraw his plea alleging that Hills "was not fully informed of the consequences of his plea and [due] to the mental and physical conditions to time did not freely and knowingly enter into said plea." In denying the motion to withdraw plea, the trial court cited Hills's failure to present evidence other than his own testimony to support the motion. Hills's claim of ineffective assistance of counsel rests on this failure to present evidence.

> Because [Hills's] current appellate counsel did not undertake his representation until after the appeal was filed, he did not have the opportunity to raise the claim of ineffective assistance before the trial court. Under such circumstances, this Court will generally remand the case for an evidentiary hearing on the issue.[11]

We find such a remand appropriate here. An affirmative misrepresentation of plea counsel concerning the plea may provide a basis for the plea's withdrawal.[12] The record, however, does not reveal why post-conviction counsel failed to call the plea counsel or other potential witnesses such as Hills's wife at the withdrawal hearing, or reveal what testimony these witnesses could have given to support Hills's contention.[13] We therefore vacate the order denying Hills's motion to withdraw his plea and remand for an evidentiary hearing on his claim of ineffective assistance of post-conviction counsel.

---

application of rule, that new counsel must raise claim of previous counsel's ineffectiveness at first possible stage of post-conviction review, in connection with habeas petitions and direct appeals).

[9] Id. at 242.

[10] Id. at 241.

[11] Id. at 241 (citation omitted); see also *Freeman v. State*, 282 Ga. App. 185, 189 (3) (638 SE2d 358) (2006).

[12] See *McCroskey v. State*, 280 Ga. App. 638, 641-642 (2) (634 SE2d 824) (2006).

[13] See *Portilla v. State*, 285 Ga. App. 401, 404 (2) (646 SE2d 277) (2007). Cf. *Freeman*, supra (remand is not mandated where we can determine from the record that the defendant cannot satisfy the requirements for showing ineffective assistance).

*Judgment vacated and case remanded. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 13, 2009.

*Barbara B. Claridge*, for appellant.
*Rebecca A. Wright, District Attorney*, for appellee.