## S09A0809. WILSON v. THE STATE.
(686 SE2d 104)

CARLEY, Presiding Justice.

Webster Wilson and two co-defendants were tried before a jury, which found Wilson guilty of felony murder, two counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, and theft by receiving stolen property. The trial court entered judgments of conviction and sentenced Wilson to life imprisonment for felony murder, and to consecutive terms of imprisonment of twenty years for aggravated assault with a deadly weapon, ten years for theft by receiving, and five years for each weapons count. The other aggravated assault verdict was merged into the aggravated assault with a deadly weapon conviction. Wilson

appeals after the denial of a motion for new trial.*

1. Construed most strongly in support of the verdicts, the evidence shows that during an attempted robbery, Wilson hit one victim on the head with a gun, and co-defendant Michael Thorpe shot and killed the other victim. A detailed account of the evidence presented at trial is set forth in our recent opinion affirming Thorpe's convictions. *Thorpe v. State*, 285 Ga. 604 (678 SE2d 913) (2009). The evidence was sufficient for a rational trier of fact to find Wilson guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wilson contends that the trial court committed two errors with regard to the testimony of State witness Rashawn Seabrook. Prior to trial, Seabrook gave a recorded statement to police about incriminating statements made by the co-defendants. At trial, he claimed that his prior statement had been fabricated under pressure from the police, and that he wanted to "plead the Fifth" to avoid incriminating himself for making a false statement. The trial court declined to act on the assertion of the Fifth Amendment right, after which the recorded statement was admitted into evidence and played for the jury.

Wilson asserts that the trial court erred in failing to act on Seabrook's invocation of his Fifth Amendment privilege. However, a criminal "defendant lacks standing to assert [another's] privilege against self-incrimination. [Cit.]" *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691) (1990). Indeed, "[t]he privilege against self-incrimination is that of the person under examination as a witness and is intended for his protection only. . . . [Cits.]" *Lively v. State*, 237 Ga. 35, 36 (226 SE2d 581) (1976).

Wilson also claims that a proper foundation was not laid for admission of the prior inconsistent statement into evidence because Seabrook did not deny making the prior statement, and instead admitted that he had made it. However, "the fact that the witness admits that he or she made the inconsistent pre-trial statement does not render it inadmissible. [Cit.]" *Warner v. State*, 281 Ga. 763, 766 (3) (642 SE2d 821) (2007). See also *Cummings v. State*, 280 Ga. 831, 833 (3) (632 SE2d 152) (2006) (no "denial" requirement for the

---

* The crimes occurred on December 24, 2005, and the grand jury returned the indictment on April 26, 2006. The jury found Wilson guilty on December 18, 2006, and the trial court entered judgment on December 19, 2006. Wilson filed a motion for new trial on January 5, 2007. The motion was amended on September 10, 2007, September 24, 2007, and October 8, 2007, and was denied on August 15, 2008. The notice of appeal was filed on September 15, 2008. The case was docketed in this Court on February 4, 2009, and was submitted for decision on the briefs.

admission of a prior inconsistent statement). Therefore, Wilson has failed to show that the trial court erred in admitting the statement into evidence.

3. Wilson claims that his trial counsel was ineffective in failing to move for a change of venue from Chatham County due to media attention and public interest in the case. In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Wilson " 'must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. (Cit.)' [Cit.]" *Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008). " 'On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)' [Cit.]" *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007).

At the motion for new trial hearing, trial counsel testified that he decided not to seek a change of venue because he had previously tried a similar high profile case in the same county and had obtained a verdict of acquittal in that case, and he believed that the pretrial publicity in the instant case would actually benefit the defense. Based on this testimony, the trial court did not clearly err in finding that the attorney's strategic decision not to seek a change of venue was not deficient. "[T]he decision whether . . . to file . . . a motion for change of venue, as with other motions, is a matter of trial strategy or tactics. . . ." *White v. State*, 221 Ga. App. 860, 864 (3) (473 SE2d 539) (1996). " 'As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel.' [Cit.]" *Phillips v. State*, 285 Ga. 213, 218-219 (5) (a) (675 SE2d 1) (2009). Wilson has thus failed to overcome the strong presumption that the lawyer's tactical decision "falls within the broad range of professional conduct ([cit.]). . . ." *Myers v. State*, 275 Ga. 709, 713 (4) (572 SE2d 606) (2002).

4. Wilson's first appellate counsel filed a motion for new trial that, among other things, asserted ineffective assistance of trial counsel on four grounds. After a hearing at which trial counsel testified, the trial court denied the motion, expressly rejecting the ineffective assistance claims. Wilson, who is now represented by new appellate counsel, contends that his first appellate counsel was ineffective because he should have asserted two additional claims of ineffective assistance of trial counsel in the motion for new trial. Wilson asks that this Court remand the case to the trial court for an evidentiary hearing on the claim.

Wilson does not cite, and we have not found, any authority from this Court establishing that remand is appropriate in a case such as

144

this, where there is a claim of ineffective assistance of appellate counsel based on a failure to assert a claim of ineffective assistance of trial counsel. However, there is a significant body of case law from our Court of Appeals which addresses this issue. The Court of Appeals has held:

"Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived." [Cit.] Such claims unasserted at the trial level are "procedurally barred." [Cit.] [Appellant's] attempt to raise these claims under the guise of an ineffective assistance of appellate counsel claim does not alter our conclusion. "A defendant cannot resuscitate claims of ineffectiveness that are procedurally barred simply by bootstrapping them to a claim of ineffectiveness of appellate counsel. Once a claim is procedurally barred, there is nothing for this Court to review. To hold otherwise would eviscerate the rule requiring that ineffectiveness claims be raised at the earliest practicable moment." [Cits.]

*Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006).

This same principle has been applied in many other cases decided by the Court of Appeals, including the following: *McGlocklin v. State*, 292 Ga. App. 162, 163 (664 SE2d 552) (2008); *Howard v. State*, 281 Ga. App. 797, 804 (6) (637 SE2d 448) (2006); *Godfrey v. State*, 274 Ga. App. 237, 242 (2) (617 SE2d 213) (2005); *Felton v. State*, 270 Ga. App. 449, 454 (3) (606 SE2d 649) (2004); *Williams v. State*, 270 Ga. App. 371, 372 (2) (606 SE2d 594) (2004); *Upshaw v. State*, 257 Ga. App. 199, 201-202 (4) (570 SE2d 640) (2002). The Court of Appeals has expressly refused to remand such cases to the trial court, because "[t]he only means by which [an appellant] may pursue [such a] claim of ineffective appellate counsel is a habeas corpus proceeding. [Cits.]" *Williams v. State*, supra. See also *Ellis v. State*, 282 Ga. App. 17, 22 (2) (d) (637 SE2d 729) (2006); *Mullins v. State*, 267 Ga. App. 393, 399 (5) (599 SE2d 340) (2004).

However, the Court of Appeals has also recognized that some claims of ineffective assistance of appellate counsel, which are not premised on a procedurally barred claim of ineffective assistance of trial counsel, can be raised for the first time on appeal, and are not limited to habeas review. For instance, a claim that first appellate counsel failed to call a witness, or present other evidence, at a motion for new trial hearing is not procedurally barred and may therefore be raised on appeal by new appellate counsel. See *Hills v. State*, 296 Ga. App. 101, 102-103 (673 SE2d 614) (2009); *Godfrey v. State*, supra.

Under such circumstances, the Court of Appeals will generally remand the case to the trial court for an evidentiary hearing on the issue of ineffective assistance of first appellate counsel, unless it can determine from the record that the two-prong test for ineffectiveness cannot be met. *Hills v. State*, supra at 103; *Godfrey v. State*, supra at 241 (2).

The above-cited decisions on this matter are sound, and we find persuasive their underlying rationale that allowing a procedurally barred claim of ineffective assistance of trial counsel to be resuscitated under the guise of a claim of ineffective assistance of appellate counsel would eviscerate the fundamental rule that ineffectiveness claims must be raised at the earliest practicable moment. Furthermore, this rationale is consistent with compelling authority from other jurisdictions which holds that "claims of ineffective assistance of appellate counsel may not be used to camouflage issues that should have been raised . . . in a . . . motion [for new trial]. [Cits.]" *Rutherford v. Moore*, 774 S2d 637, 643 (Fla. 2000). Indeed, "to allow substantive review of [such] claim[s] would be to promote serial appellate proceedings." *Doppler v. State*, 660 NW2d 797, 802 (Minn. 2003). Such an approach would undoubtedly result in "interminable delays" and "serious judicial inefficiencies." *United States v. Reyes-Platero*, 224 F3d 1112, 1113 (9th Cir. 2000).

In this case, Wilson cannot resuscitate the procedurally barred claims of ineffective assistance of trial counsel by bootstrapping them to a claim of ineffectiveness of appellate counsel. Accordingly, instead of remanding the case to the trial court to await another evidentiary hearing, we conclude that Wilson may pursue his claim of ineffective appellate counsel only in a habeas corpus proceeding.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., and Benham, J., who concur in part and dissent in part.*

HUNSTEIN, Chief Justice, concurring in part and dissenting in part.

I concur fully in Divisions 1, 2, and 3 of the majority opinion. However, because I would remand Wilson's ineffective assistance of appellate counsel claims for an evidentiary hearing in the trial court, I must respectfully dissent to Division 4.

Current appellate counsel did not enter an appearance in this case until after appellant's appeal was docketed in this Court. Thus, because an attorney cannot assert ineffective assistance of counsel claims against himself, see *Garland v. State*, 283 Ga. 201 (657 SE2d 842) (2008), any errors made by first appellate counsel were incapable of being raised until this appeal. In other words, this is the "'earliest practicable moment,'" see *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996), at which Wilson could raise the issue

of first appellate counsel's alleged ineffective assistance. Thus, contrary to the majority's characterization, allowing these claims to proceed at this point does not "eviscerate" the earliest practicable moment rule but rather honors it.

Furthermore, the approach followed by the Court of Appeals, which the majority adopts herein, is problematic in that it is based on the notion that any ineffective assistance of *trial* counsel claims not raised on motion for new trial are waived, without acknowledging that it is the ineffectiveness of *appellate* counsel which is being asserted and which by its very nature could not have been raised in the first motion for new trial. Even more troublesome than this analytical flaw, however, is the practical effect of requiring the deferment of these claims to habeas corpus proceedings. Given that Georgia law does not guarantee the assistance of counsel on habeas corpus, see *Gibson v. Turpin*, 270 Ga. 855 (1) (513 SE2d 186) (1999), deferring these claims to habeas will in many cases force litigants to assert these claims pro se, to their substantial disadvantage.

For these reasons, I would disapprove the practice of deferring such ineffective assistance of appellate counsel claims to habeas corpus proceedings and thus would remand Wilson's claims in this regard to the trial court.

I am authorized to state that Justice Benham joins in this concurrence in part and dissent in part.

DECIDED NOVEMBER 9, 2009.

*Ronald S. Boyter, Jr., Deborah J. Poole*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.