## 60869. SMITH v. THE STATE.

BANKE, Judge.

The appellant was tried upon a murder indictment in the shooting death of her boyfriend. The fact that appellant shot the victim three times causing his death was not disputed at trial. The defense was generally that of justification; and evidence was offered by both sides tending to indicate a stormy off-and-on relationship between the two, with the appellant and other witnesses testifying at length concerning appellant's fear of the victim and his propensity for violence toward her. On instructions, not assailed here, including the self-defense theory, appellant was convicted of voluntary manslaughter and sentenced to 15 years in prison.

The principal error enumerated on appeal concerns the refusal of the trial court to allow the testimony of a clinical psychologist concerning what is referred to as the "battered woman syndrome." The predicate for this witness' proffered testimony and opinions consisted of a 50-minute conversation with appellant, a group interview with members of appellant's family and her friends, and the witness' own experience in studying the problems of the so-called "battered woman." *Held:*

1. "The opinion of experts, on any question of science, skill, trade or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." Code § 38-1710. "Nevertheless, expert opinion, like lay opinion is received only in instances where it is helpful or necessary. *Allison v. Wall,* 121 Ga. 822 (1) (49 SE 831) [1904]. As a general rule the witness is not allowed to express on the stand an opinion of ultimate fact on the very fact to be decided by the jury because to do so would invade the province of the jury. Green, Georgia Law of Evidence, p. 283, § 113; 20 ALR3d 698, § 13." *Jones v. State,* 232 Ga. 762, 764 (208 SE2d 850) (1974).

In essence, the proffered testimony would have sought to establish through expert opinion that the appellant was motivated by fear at the time she shot the victim. This was not a proper subject for expert opinion testimony. Furthermore, the information on which the opinion was based was available directly from the appellant's friends and relatives.

In a very similar setting involving the shooting of a husband by his wife, the Supreme Court of Idaho held that "[f]ear is a common human emotion within the understanding of a jury and hence expert psychiatric explanation is not necessary. A jury is as capable as a psychiatrist in determining the ultimate fact in this case — whether appellant acted under fear when she shot her husband. Regardless of

the training of a psychiatrist, his expertise does not qualify him to determine whether the defendant killed under fear any more than it qualifies him to testify as to whether the defendant 'intended' to kill." State v. Griffiths, 610 P2d 522, 524 (Idaho, 1980). Accord, State v. Matthews, 221 NW2d 563 (3) (Minn., 1974). The trial court did not err in excluding the testimony of the expert witness.

2. Appellant also enumerates as error the refusal of the trial court to receive two reports into evidence at the presentence hearing, one by a psychiatrist and one by a psychologist, as well as a scrapbook containing family pictures, Bible school reports, school grades, and a letter from the appellant to her family. Under Code Ann. § 27-2503, the rules of evidence apply with full force at a presentence hearing, and none of the above material was admissible under the rules of evidence. See generally *Munsford v. State,* 235 Ga. 38 (218 SE2d 792) (1975). Accordingly, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED OCTOBER 31, 1980 — REHEARING DENIED NOVEMBER 13, 1980 —

*Donald J. Stein,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.