## 37371. SINNS v. THE STATE.

PER CURIAM.

Three issues are presented in this appeal from a conviction of murder and sentence of life imprisonment: (1) whether the trial court erred in admitting into evidence the confession of appellant who was held for seven days without a commitment hearing; (2) whether the trial court erred in failing to direct the court reporter to transcribe all bench conferences; (3) whether the trial court erred in not allowing rebuttal testimony from an expert witness called on behalf of appellant.

1. Appellant was convicted of the murder of Yong Hui Griffin and sentenced to life imprisonment. Appellant was first questioned in Bainbridge, Georgia, where he was being held. Appellant alleges that he was held for seven days before a commitment hearing was held. During this period he made statements which were later admitted into evidence.

The rule in Georgia, and in the federal courts as well, is that "... a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." Gerstein v. Pugh, 420 U. S. 103, 119 (95 SC 854, 43 LE2d 54) (1975); *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980); *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976).

Appellant alleges that the fact that he was held seven days before being brought before a magistrate constituted a form of duress which made his confession involuntary. We do not agree.

The trial court held a hearing as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1174, 12 LE2d 908) (1964). Following this hearing the court ruled that the statements made by defendant were freely and voluntarily given. Appellant was interviewed by Atlanta police in Bainbridge, Georgia, on November 29, 1979, and was advised of his Miranda rights at that time. Defendant was transported to Atlanta on December 4, 1979. He was advised of his rights but was not questioned. He was again advised of his rights when next interviewed

on December 6, 1979. He was given the Miranda warnings yet another time when interviewed on December 7, 1979, in Atlanta. On November 29, December 6, and December 7 appellant signed a waiver of counsel forms.

At the Jackson v. Denno hearing counsel for the appellant indicated that appellant did not contest the voluntariness of the confession. Counsel for appellant indicated to the court that the issue was an alleged violation of appellant's constitutional rights. There was testimony at the hearing that appellant was being held in Bainbridge on other charges when first interviewed by Atlanta police and that the Atlanta police did not execute their arrest warrant until sometime later. There was testimony that appellant was given Miranda warnings at each interview and signed three waiver of counsel forms. Appellant presented no evidence to contradict assertions of the state that appellant's statements were freely and voluntarily given.

Findings of a trial judge that a confession has been freely and voluntarily given will not be disturbed on appeal unless clearly erroneous. Lego v. Twomey, 404 U.S. 477 (92 SC 619, 30 LE2d 618) (1972); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977), cert. denied, 439 U.S. 882 (1978); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). We find that the admission of the statements was not clearly erroneous.

2. Appellant complains that the court reporter failed to take down two bench conferences even though he had before trial made a motion for recordation of all proceedings. Of the two bench conferences in question, one concerned the admissibility of expert testimony which is the object of Division 3 of this opinion. Because of our holding in that division, we need not address the question of the recordation of that conference. The other bench conference in question concerned the admissibility of testimony from the resident manager of the victim's apartment as to the victim's association with persons other than appellant. Upon the state's questioning the relevancy of events prior to the date of death, a bench conference was held and, appellant contends, the testimony excluded. The appellant recognizes that a court's failure to order recordation of bench conferences is not error absent some prejudice to a defendant. Appellant insists, however, that the proceeding involved a determination of admissibility of evidence essential to appellant's defense. This assertion does not amount to a sufficient showing of harm or prejudice to require reversal. *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979); *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978).

3. Appellant enumerates as error the trial court's refusal to

allow testimony from an expert witness. Appellant attempted to elicit testimony from a clinical psychologist as to the emotional and mental state of appellant at the time of his confession. The court refused to allow the testimony of the psychologist. The record indicates that the court excluded the testimony of the psychologist based upon the holding of *Smith v. State,* 156 Ga. App. 419 (274 SE2d 703) (1980), that a witness is not allowed to express an opinion as to the ultimate fact to be decided by the jury. This court later reversed the Court of Appeals' judgment in *Smith v. State,* 247 Ga. 612, 619 (277 SE2d 678) (1980): "We hold that the correct rule is as follows: Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." The question is whether the rule pronounced by this court in *Smith* should be extended to this case. We hold that it should not. The *Smith* holding was the result of the need to treat a unique and almost mysterious area of human response and behavior. The voluntariness of a confession is not a circumstance akin to the complex subject of battered wife syndrome. We therefore decline to extend the *Smith* holding to this case.

*Judgment affirmed. All the Justices concur, except Hill, P. J., Clarke and Gregory, JJ., who dissent.*

DECIDED OCTOBER 28, 1981.

*Philip Louis Ruppert,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.

CLARKE, Justice, dissenting.

I cannot agree with the holding of the majority that expert opinion is inadmissible to prove the mental and emotional state of a defendant when he gave a confession. In my view this evidence simply goes to the weight of the confession and is not evidence of the ultimate fact to be proven. In fact there are many cases in which a defendant is convicted when a confession has been excluded or discredited. Therefore, evidence questioning a confession is not determination of the ultimate fact. Even if the mental and emotional state of the defendant were the ultimate fact, I do not think expert opinion on the subject would be inadmissible.

In condemnation cases, we admit opinion evidence of value, which is the ultimate fact. It is allowed even though it is not beyond

the ken of the average person. This is illustrated by the allowing of non-expert testimony as to value if there is a showing that the lay witness has facts upon which an opinion can be formed. We allow, and in fact require, opinion evidence in order to sustain or defend a medical or legal malpractice case. We admit expert testimony as to landlines when they are the ultimate fact in a case. We admit opinion testimony as to defenses of insanity in criminal cases. Experts give opinions on the question of percentage of disability, and expert opinions are admitted as to speed of vehicles even when based on physical conditions at a scene and not observation of the vehicle.

In dealing with the weight to be given to evidence, as we are in this case, it is common to call upon expert testimony. Handwriting experts frequently testify as to the validity of a signature or identity of handwriting, thus aiding the jury in determining the weight given to documentary evidence. A common example of non-expert opinion evidence is evidence of impeachment. This is closely analogous to the question before the court here. When a witness testifies that he would not believe another witness under oath, he is assisting the jury in its task of determining the credibility of certain evidence. I fail to see why the jury in a criminal case should not have the same sort of assistance from a qualified expert in order to determine the weight to be given to a confession made by a troubled individual.

For these reasons, I dissent. I am authorized to state that Presiding Justice Hill joins in this dissent.

GREGORY, Justice, dissenting.

I respectfully dissent. Whether or not an expert opinion is admissible does not turn upon whether it relates to an ultimate issue in the case. The opinion should be admitted unless it amounts to no more than a general belief as to how the case should be decided. The latter type evidence is not proper because it tends to suggest that the jury may shift responsibility for making its decision to the witness. See McCormick on Evidence, § 12, at 26 (2d Ed. 1972). Otherwise, an expert's opinion is admissible if, "the subject of the inference [is] so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman" and the witness has such skill, knowledge, or experience in the field as to make it appear "his opinion or inference will probably aid the trier in his search for truth." McCormick, supra, § 13.