## A98A0680. BAISE v. THE STATE.
(502 SE2d 492)

ANDREWS, Chief Judge.

Irving Baise appeals from the judgment entered on a jury verdict finding him guilty of forcible rape. Baise admitted he had sexual intercourse with the victim but claimed it was with her consent. He enumerates as error that: (1) the evidence was insufficient to support the verdict for various reasons including that the State failed to prove criminal intent by refuting his mistake of fact defense as to the victim's consent; (2) the trial court erroneously allowed a psychologist to give her expert opinion that the victim was not mentally capable of consenting to sexual intercourse; and (3) the trial court erroneously admitted similar transaction evidence. We find no basis for reversal and affirm the conviction.

The State produced evidence that the victim was mentally retarded and not capable of giving consent to sexual intercourse. A psychologist with special training and experience in the area of mental retardation testified that she evaluated the 17-year-old victim after the alleged rape to assess her mental capability as it related to her ability to give consent to sexual intercourse. She testified that the evaluation showed the victim was moderately to severely mentally retarded; that she was functioning adaptively in a range from about a nine-year-old level to a level below the age of four years with average adaptive skills at the five-year-old level. For example, the psychologist testified that the victim "required her mother's assistance as far as any kind of judgment in homemaking [tasks]. Anything she had been taught [by] rote [to do] she could do, but anything that required any kind of judgment as far as whether something was clean or done enough, she missed those kinds of judgments." She said that the victim demonstrated no basis for making ordinary judgments about her personal safety or health and was unable to verbalize the differences between a man and a woman. Based on the evaluation, the psychologist gave her opinion that the victim did not have the capacity to consent to sexual intercourse. Another psychologist from the special education department of the school system attended by the victim testified that she tested the victim about two years prior to the alleged rape for the purpose of evaluating her for school placement. She testified that the victim had an overall I.Q. score of 41 and adaptive behavior skills in the six-year-old range.

On the day of the alleged rape, the victim and her mother went to visit Baise at the motel where he was living at the time. Baise, who had been the mother's boyfriend, had known both mother and daughter for over three years. Prior to the victim's testimony about her visit to the motel, the trial court determined upon examination of the victim that, despite her mental condition, she was competent to

testify. OCGA § 24-9-7. The victim testified that while her mother was in the bathroom of the motel room, Baise put the part of his body that was between his legs inside of her body and that she did not want him to do that and told him to stop. On cross-examination she testified that when she and her mother arrived at the motel, she told her mother, but not Baise, that she wanted to have sex with Baise. She also testified that she later told a police officer and a Department of Family & Children Services caseworker that she did not have sex with Baise.

The victim's mother testified that after she and her daughter arrived at the motel, Baise told her to go into the bathroom and she did so because she was afraid of him. She testified that she came out of the bathroom when she heard "a commotion" in the room. She said that Baise was raising his voice at her daughter and saying that her daughter "didn't love him anymore." She testified that her daughter "was all curled up on the bed because she was scared." After that, she testified that she and her daughter spent the night with Baise. On cross-examination, the victim's mother testified that about 30 minutes before she and her daughter went to Baise's motel room, her daughter told her that she was going to "do it" with Baise, which she interpreted as her daughter's way of saying that she was going to have sex with Baise. The victim's sister also testified that the victim told her that Baise "did not rape her, he did not talk her into it or nothing like that."

As a similar transaction, the State introduced evidence that Baise also had sexual intercourse with the victim's sister when she was 13 years old, for which he was convicted of child molestation.

Baise testified and admitted that he had sexual intercourse with the victim in the motel room, but he claimed that it was with her consent. He testified that the victim told him she wanted to have sex with him. He said that the victim's mother also approved of and encouraged the idea and that she went into the bathroom because she did not want to watch. He testified that he and the victim had consensual sex and that he stopped having sex with her when she said she was getting too hot. Baise testified that he had known the victim, her mother, and her sister for over three years, and although he knew the victim was in "Special Ed or something like that," he had no knowledge of her low I.Q. or of any mental impairment she had. He said that during the time he had known the victim, he carried on conversations with her and saw her perform normal activities like playing softball, cleaning house and cooking food. He testified that "[s]he acted like a normal person to me."

1. The evidence was sufficient to support the jury's verdict that Baise was guilty beyond a reasonable doubt of forcible rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under

the evidence presented, the jury could have concluded that the victim had the mental capacity to consent to or refuse sexual intercourse, she did not consent to sexual intercourse with Baise, and Baise had sexual intercourse with her forcibly and against her will. OCGA § 16-6-1. The evidence was also sufficient for the jury to conclude that because of the victim's mental condition, she was not capable of giving Baise consent to sexual intercourse. Under this view of the evidence, the rule is that carnal knowledge of a female who because of mental retardation is incapable of giving an intelligent assent or dissent or of exercising judgment in the matter constitutes rape. *Gore v. State*, 119 Ga. 418, 420-422 (46 SE 671) (1904); *Whitaker v. State*, 199 Ga. 344, 349-350 (34 SE2d 499) (1945); *Ely v. State*, 192 Ga. App. 203, 206 (384 SE2d 268) (1989).

Baise also contends the State failed to carry its burden of proof with respect to criminal intent because the evidence failed to overcome his mistake of fact defense. "Under OCGA § 16-3-5, a person shall be found not guilty of a crime if the act was induced by a misapprehension of fact which, if true would have justified the act or omission. . . . Mistake of fact is a defense to a crime to the extent that the ignorance of some fact negates the existence of the mental state required to establish a material element of the crime. [Cit.]" *Jones v. State*, 263 Ga. 835, 838-839 (439 SE2d 645) (1994). The trial court charged the jury with respect to the defense of mistake of fact. Baise contends that the evidence established that he mistakenly believed the victim was capable of consenting to sexual intercourse, that she told him she consented and, therefore, he lacked the criminal intent necessary for conviction of forcible rape.

First, this argument fails because, based on the victim's testimony and the jury's first-hand observation of her mental condition, there was evidence sufficient for the jury to conclude that the victim had the capacity to consent or not consent to sexual intercourse, she did not consent, and Baise had sexual intercourse with her forcibly and against her will.

Second, this argument has no merit even if the jury convicted Baise on the basis that although the victim indicated consent, she was not capable of intelligently consenting to the sexual intercourse. Normally, where the jury finds a defendant guilty of forcible rape, "[t]he element of force negates any possible mistake as to consent." *Lamar v. State*, 243 Ga. 401, 403 (254 SE2d 353) (1979). However, in a forcible rape case where the victim indicates consent and does not resist, but by reason of mental retardation she is incapable of intelligently consenting, the lack of actual force necessary to overcome a resistant victim in other cases is supplied constructively by the rule that no more force need be used than that necessary to effect the penetration made by the defendant. *Cooper v. State*, 180 Ga. App. 37, 38

(348 SE2d 486) (1986); *Drake v. State*, 239 Ga. 232, 233-235 (236 SE2d 748) (1977); *Durr v. State*, 229 Ga. App. 103, 104 (493 SE2d 210) (1997). Since force in a case of this nature is not actual but constructive, it does not negate a defense of mistake of fact as to consent.

Nevertheless, the facts of this case did not demand a finding by the jury that Baise was unaware of the victim's lack of capacity to consent, and that therefore his action was induced by a mistake of fact. *Gore*, 119 Ga. at 422 ("Sexual intercourse with [a mentally retarded] woman whose mind, *to the knowledge of the man,* is totally incapable of consenting to the act is rape, though she submits to the act without resistance. . . .") (Emphasis supplied.). There was ample evidence to support a determination by the jury that Baise either subjectively knew the victim was mentally incapable of consenting to sexual intercourse or that he acted with criminal negligence in assuming she was capable of consenting. "A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1; see *Daniels v. State*, 264 Ga. 460, 464 (448 SE2d 185) (1994). Moreover, mistake of fact does not constitute a defense to a criminal charge if it is superinduced by the fault or negligence of the party doing the wrongful act. *Crawford v. State*, 267 Ga. 543, 544 (480 SE2d 573) (1997). Based on Baise's words, conduct, demeanor, motive, and all other circumstances connected with the act for which he was prosecuted, there was sufficient evidence for the jury to find that he acted with the requisite criminal intent or criminal negligence. *Dworkin v. State*, 210 Ga. App. 461, 462-463 (436 SE2d 665) (1993).

2. Baise contends that the trial court erred by allowing the State's psychologist to give her expert opinion that the victim was not capable of consenting to sexual intercourse. The trial court overruled Baise's objection that allowing the expert opinion would invade the factfinding province of the jury on the ultimate issue of consent.

It is true that the jurors are the ultimate factfinders and that "where it is possible for them to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done." *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 9 (5 SE2d 214) (1939). However, "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). In other words, "if the nature of the question is such that the factors leading to a conclusion are not known to the common or aver-

age man, but are among those things shrouded in the mystery of professional skill or knowledge, then the light of that knowledge should not be withheld from the jury. . . ." *Saul*, 189 Ga. at 9. Expert opinions are not properly admitted, however, where the conclusion reached by the expert would be a mixed question of law and fact and would embrace a legal conclusion about which the expert knows no more than the jury. Id. For example, although it may be permissible to ask a physician who has done an internal pelvic examination of an alleged rape victim to state his expert opinion as to whether the examination revealed that force was used in the sexual act, it is not proper to ask the physician whether in his opinion the victim had been raped — an opinion which would call for the expert to reach a legal conclusion reserved for the jury involving all the elements of the alleged crime. *Nichols v. State*, 177 Ga. App. 689, 690, 692-693 (340 SE2d 654) (1986).

Applying these principles, the trial court properly allowed the psychologist produced by the State to give her opinion that the victim was not capable of giving consent to sexual intercourse. Although the victim's consent or lack thereof is not generally a matter beyond the ken of the average juror, it may become an issue on which expert opinion testimony is proper depending on the circumstances of the case. Id. at 693; *Ely*, 192 Ga. App. at 205; *Russell v. State*, 181 Ga. App. 624, 626 (353 SE2d 820) (1987). Under the circumstances of this case, the expert opinion testimony of the psychologist dealing with the victim's level of mental retardation and its effect on her capacity to consent involved no improper legal conclusion and was properly admitted to assist the jury in reaching its verdict.

There is no merit to the argument that the expert opinion should have been excluded because it was unfair to allow the jury to find that Baise, as a layperson, knew or was criminally negligent in not knowing that the victim was incapable of giving an intelligent consent, while at the same time allowing admission of expert opinion testimony as to the victim's lack of ability to consent on the basis that it was a matter beyond the ken of the average layperson. The psychologist gave her expert opinion that the victim was, in fact, mentally incapable of consenting to sexual intercourse — an opinion the jury was entitled to accept or reject. Assuming the victim did not have the capacity to consent, whether Baise knew or was criminally negligent in not knowing this fact was a separate issue. Even if the jury accepted the expert opinion, it did not interfere with the jury's duty to decide whether or not Baise acted with criminal intent or criminal negligence.

3. Baise claims the trial court erred by admitting similar transaction evidence that he had sexual intercourse with the victim's sister when she was 13 years old, for which he was convicted of child

molestation. Baise argues that the prior offense was not sufficiently similar to the present offense.

Although the record shows that an objection as to lack of sufficient similarity was made at a hearing before the trial court to determine its subsequent admissibility before the jury, no further objection was made when the similar transaction evidence was admitted before the jury. Defense counsel's statement at the hearing that "we reserve our objection," without any response from the trial court which could be interpreted as the grant of a continuing objection, was not sufficient to preserve the objection when the evidence was later admitted before the jury. Accordingly, the failure to make the objection at the time the evidence was offered waives this claim. *Hunter v. State*, 202 Ga. App. 195, 196-198 (413 SE2d 526) (1991).

In any event, Baise's prior act of sexual intercourse with the victim's 13-year-old sister who, because of her age, could not legally consent to the sexual act was sufficiently similar to the present offense where the State produced evidence that the adult victim, because of her child-like mentality, lacked the capacity to consent to sexual intercourse with Baise. Similarity was also demonstrated by the fact that, in both instances, Baise had access to the victims through his relationship with their mother. *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991); see *Payne v. State*, 207 Ga. App. 312, 314-315 (428 SE2d 103) (1993), overruled on other grounds by *Sims v. State*, 266 Ga. 417, 418 (467 SE2d 574) (1996).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 14, 1998.

*Corwin, Tilley & Deems, Jack T. Brumlow, Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney*, for appellee.

