S08A0073. ALLEN v. THE STATE.
S08A0400. BANKS v. THE STATE.
(658 SE2d 580)

THOMPSON, Justice.

Defendants Jeremy Allen and Aaron Banks, both juveniles, were convicted of felony murder in connection with the shooting death of Austin Roebuck.[1] On appeal, defendants assert, inter alia, that the trial court erred in failing to exclude their custodial statements because they were not made knowingly and voluntarily. Finding no error, we affirm.

On the night of the crimes, 16-year-old Austin Roebuck and three other teenage boys went to a convenience store to meet with, and sell marijuana to, Jeremy Allen, Aaron Banks and David Delamar. Before going to the meeting, Allen, Banks and Delamar decided to take the marijuana, not purchase it. Allen brought a pistol, which he handed to Delamar. When the two groups met, Roebuck handed the marijuana to Allen for inspection. Allen inspected the marijuana; then he, Banks and Delamar turned and began running through the woods behind the convenience store. As Roebuck gave chase, Delamar fired a single fatal gunshot which struck Roebuck in the chest.

1. The evidence is sufficient to enable any rational trier of fact to find defendants guilty beyond a reasonable doubt of the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

---

[1] The victim was murdered on December 6, 2002. The grand jury indicted defendants on February 25, 2004, and charged them with malice murder, three counts of felony murder, robbery, and two counts of possession of a firearm during the commission of a felony. Trial commenced on February 22, 2005, and the jury returned its verdict on February 25, finding defendants guilty of two counts of felony murder (predicated on the underlying felonies of robbery and conspiracy to commit robbery) and robbery. Defendants were acquitted on the remaining counts. The trial court sentenced defendants on February 25 to life for felony murder (based on robbery). The remaining convictions were merged for sentencing purposes. Allen and Banks filed timely motions for new trial which were denied on May 2, 2007. Allen filed a notice of appeal on May 24, 2007, and Banks filed an out-of-time appeal (with permission of the court) on October 12, 2007. Allen's case was docketed in this Court on September 14, 2007, and submitted for decision on briefs on November 5, 2007. Banks' case was docketed in this Court on November 8, 2007, and submitted for decision on briefs on December 31, 2007.

2781, 61 LE2d 560) (1979); see *Cantrell v. State*, 184 Ga. App. 384 (1) (361 SE2d 689) (1987) (although defendant initially held a necklace with consent of owner, the taking of the necklace was a robbery because defendant dissuaded owner by violent means from seeking the return of the necklace).

2. Defendants assert the trial court erred in refusing to exclude the statements each of them gave to police. We disagree.

> The admissibility of statements by juveniles depends upon whether, under the totality of the circumstances, there was a knowing and intelligent waiver of constitutional rights. *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976). The burden is on the state to demonstrate that the juvenile understood and waived those rights. The analysis involves the application of a nine part test. Id. The factors a court considers include: "The age of the accused; the education of the accused; the knowledge of the accused as to the substance of the charge and nature of his rights to consult with an attorney; whether the accused was held incommunicado or allowed to consult with relatives or an attorney; whether the accused was interrogated before or after formal charges had been filed; methods used in interrogation; length of interrogation; whether accused refused to voluntarily give statements on prior occasions; and whether accused repudiated an extrajudicial statement at a later date." *Henry v. State*, 264 Ga. 861, 862 (452 SE2d 505) (1995), applying *Riley*, supra.

*McKoon v. State*, 266 Ga. 149, 150 (465 SE2d 272) (1996).

(a) Allen was 15 years old and in the ninth grade when he gave his statement. Police located him with the help of his mother who instructed officers not to question her son until she, or an attorney, could be present. Allen asked for his mother a number of times before questioning began, but ultimately he decided to proceed with the interview and talk to detectives without her.[2] Detectives read the juvenile advisement of rights to Allen, who said he could read fairly well. Detectives also told Allen he would be held at a youth detention center because he was charged with murder, but they made it clear to

---

[2] In this regard, the transcript of the interview reads, in part:
Detective: So you would like your mom to be here while I'm talking to you?
Allen: I'll talk to you right now.
Detective: [W]ould you be more comfortable with your mom here or would you like to talk to me without your mom here?
Allen: I'll talk to you without her here.

him that he was under arrest and would be going to the detention center whether he talked with them or not. Allen signed a document acknowledging his rights and waiving them. The interview lasted approximately 90 minutes, during which time Allen made incriminating statements placing himself at the scene and acknowledging his participation in the robbery. He never repudiated his statements. If, during the course of the interview, he did not understand something, he said so and was given another explanation.[3] Given the totality of the circumstances, we find no abuse of discretion in the refusal to exclude Allen's statement. See generally *Marshall v. State*, 248 Ga. 227, 229 (282 SE2d 301) (1981) (whether juvenile waived his rights is not determined by age or mental disability alone). The fact that Allen's mother was not present was a factor for the trial court to consider, but it was not determinative on the issue of voluntariness. *Berry v. State*, 267 Ga. 605, 610-611 (481 SE2d 203) (1997).

(b) Banks was 16 years old and had finished the ninth grade when he was interviewed. He was informed of the charges against him and advised of his rights before the interrogation began. He was also told he could have a parent or guardian present. When the interview began, Banks stated he did not want one, but asked if he could have a parent attend the interview later. He was advised that he could ask for a parent to attend at any time. After confirming that he understood his rights and was willing to speak with detectives, Banks signed a waiver of rights form. The interview lasted approximately one hour. Banks made a statement in which he denied being at the scene, but he added that his "only involvement . . . was to go check it out." Banks never repudiated his statement. Considering all of the circumstances, the trial court did not abuse its discretion in finding that Banks knowingly and voluntarily waived his constitutional rights. Id. As in Allen's case, the fact that Banks' parents were not present was not controlling on the issue of voluntariness. *Norris v. State*, 282 Ga. 430, 431 (2) (651 SE2d 40) (2007).

3. At the hearing on the motion for new trial, Allen requested funds to employ an expert to testify about the emotional state of a juvenile who might be interrogated by the police. The trial court did not err in denying Allen's request. A juvenile's state of mind is not beyond the ken of the average layman. *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). Unlike the battered wife syndrome, a juvenile's state of mind and the voluntariness of his confession is not

---

[3] For example, the detective asked Allen if he understood what it meant to waive his rights. When Allen responded negatively, the detective offered an explanation, asked Allen if he then understood and, when Allen said he did, asked Allen if he wanted to waive his rights. Allen said he did.

"a unique and almost mysterious area of human response and behavior." *Sinns v. State*, 248 Ga. 385, 387 (283 SE2d 479) (1981).

4. Allen asserts ineffective assistance of counsel on the grounds that his attorney failed to (a) present evidence at the *Jackson-Denno* hearing that would have demonstrated that Allen's statement was made involuntarily;[4] (b) request funds for expert testimony regarding a juvenile's state of mind during a police interview; (c) impeach a State's witness by confronting him with a prior contradictory statement and consult with defendant concerning the availability of lesser charges. This assertion is without merit.

Appellate courts apply a two-pronged test to determine if counsel's performance was ineffective as to require the reversal of a conviction:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

In determining whether trial counsel's performance was deficient, we view counsel's conduct at the time of trial and under the circumstances of the case. *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997). Moreover, there is a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985).

With this standard in mind, we turn to Allen's allegations of deficient performance. At the hearing on the motion for new trial,

---

[4] At the motion for new trial, Allen asserted trial counsel should have demonstrated that he was 15 years old and behind in school, that he was unable to speak with his mother, that he did not understand what it meant to waive his rights, and that he suffered from emotional problems. The last assertion was based on the testimony of Allen's mother who admitted that Allen had not been evaluated psychologically and had not been prescribed medication for his problems.

Allen's counsel testified that in preparing for the *Jackson-Denno* hearing, he reviewed the video of Allen's interrogation, studied the factors set forth in *Riley*, supra, interviewed Allen's mother, and prepared an argument based on *Riley*. With only one exception,[5] the evidence which Allen asserts counsel should have presented at the *Jackson-Denno* hearing was made available to the court. That counsel did not introduce every single piece of evidence that another lawyer might have introduced does not require a finding of inadequate representation and Allen has made no showing that the presentation of additional evidence would have altered the outcome of the trial. See *Solomon v. State*, 247 Ga. 27, 29 (277 SE2d 1) (1980). Nor can counsel be faulted for failing to seek funds for an expert to testify about a juvenile's mental state because such testimony would have been inadmissible.[6]

Allen's final assertion of ineffectiveness, that counsel failed to impeach a State's witness and to consult with Allen about lesser included charges, is belied by the record. Counsel demonstrated that the witness made a statement to police which differed from his testimony at trial. Thus, he did cast doubt upon the credibility of the witness, albeit in a manner different from that suggested by Allen on appeal. And counsel testified that he did consult with Allen about submitting lesser charges to the jury, but that they decided to pursue an all-or-nothing strategy. See generally *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993).

In sum, Allen failed to demonstrate that his trial counsel's performance fell outside the range of reasonable professional conduct.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 10, 2008.

*Pamela T. Britt*, for appellant (case no. S08A0073).
*Patrick J. Ryder*, for appellant (case no. S08A0400).
*Daniel J. Porter, District Attorney, David B. Fife, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.

[5] The court was not made aware of Allen's alleged emotional problems. See fn. 4, supra.
[6] See Division 3, supra.