## A08A2423. NGUYEN v. THE STATE.
(676 SE2d 246)

PHIPPS, Judge.

A jury found Minh Hong Nguyen guilty of committing aggravated child molestation upon 14-year-old L. N. by placing his mouth on her vagina. Appealing his conviction therefor, Nguyen contends that the prosecutor made improper remarks during closing argument and that his trial counsel was ineffective. Regarding his ineffectiveness claim, Nguyen asserts that his trial counsel should

---

have objected to the prosecutor's remarks and should have requested a jury charge on the lesser included offense of child molestation based upon his testimony that, although he had kissed and hugged L. N., he did not commit sodomy upon her. Because Nguyen has shown no reversible error, we affirm.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[1] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."[2]

The state's evidence showed that in March 2006, Nguyen began communicating with L. N. through an Internet chat room. They told each other their ages, 14 and 24. The next month, Nguyen came from his home state of Kansas to Georgia to personally meet L. N. On three days, Nguyen picked up L. N. and a few of her friends from their school. The first two days, he drove them to their homes, kissing L. N. on the second day.

The third day, Nguyen took L. N. and her friends to see a movie. But within 20 minutes, Nguyen had persuaded L. N. to leave the movie theater and go alone with him to his car. Nguyen drove his car to the back of the parking lot. L. N. testified that they kissed, then moved into the back seat, where they resumed kissing. According to L. N., Nguyen removed her panties, then "went under my skirt and placed his lips on my private part." L. N. testified that she soon noticed a light shining through the car window and told Nguyen to stop.

The light L. N. noticed was flashing atop a truck that had arrived with two security guards. Nguyen's and L. N.'s actions in the car had caught the attention of the security department for the premises, which monitored the outside through a network of cameras. One of the guards testified that he had observed on camera two individuals kissing in a parked car, the individuals moving into the back seat, the female "motioning like she was pulling something down from her waist, and [the male] disappearing into her lap." Therefore, he and a patrolling security guard went to the parked car to investigate suspected inappropriate and possibly criminal activity. When the guards arrived at the scene, there was no car parked on either side of the vehicle, and the guards went to opposite sides of Nguyen's car.

---

[1] OCGA § 16-6-4 (a).
[2] OCGA § 16-6-4 (c).

The security guard who had observed the activity on camera testified that when he approached the male's side of the car, the male's head came from the female's "lap," and the female's skirt was "up to her upper thigh." He told the two occupants to step out of the car, and they complied. When he asked L. N. her age, Nguyen interjected that she was 16. The security guard then separated the two, and L. N. told the guard that she was fourteen.

The patrolling security guard testified that when he approached the female's side of the car, he saw her "reclined back and her legs open, [and the male's] head was in between, you know, her lap." When she was exiting the car, the guard recounted, "I didn't see the panties. I did see, like, her making the motion of pulling something up, you know, and adjusting her skirt."

The police were summoned, and Nguyen was arrested. That same day, L. N. and the two security guards gave written police statements concerning the incident. The jury was shown a video recording of what had been captured by camera.

Nguyen, 25 years old at his August 2007 trial, was the sole defense witness. He admitted that he had encountered L. N. in an Internet chat room; that she told him she was 14 years old; that he was then living in Kansas; that about a month after encountering L. N. in the chat room, he arranged to stay a few days in Georgia to spend time with L. N.; that he had picked up L. N. and her friends from school on several days; that, after leaving the movie theater early on the day in question, they went to his car, where they talked, kissed, and hugged; and that they moved from the front seats to the back seat, where they continued kissing and hugging. Nguyen denied, however, committing oral sodomy. According to him, "[My head] wasn't in her lap. It was on her stomach. That's where I was hugging her."

1. Nguyen complains that the prosecutor made improper remarks during closing argument. But as Nguyen concedes, no objection was made. The failure to object to the state's closing argument waived Nguyen's right to rely on the alleged improprieties as a basis for reversible trial court error.[3]

2. Nguyen contends that the trial court erred by rejecting his claim of ineffective assistance of counsel.

To prevail on this claim, Nguyen was required to show the trial court both that his counsel's performance was deficient and that the deficiency prejudiced his defense.[4] Both the performance and preju-

---

[3] See *Sampson v. State*, 282 Ga. 82, 83 (3) (646 SE2d 60) (2007).

[4] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

dice components of the ineffectiveness inquiry are mixed questions of law and fact.[5] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review the trial court's legal conclusions de novo.[6]

(a) Nguyen argues that his trial counsel erred by failing to request a jury instruction on the lesser included offense of child molestation.[7] He claims that, had his trial counsel requested the instruction, the trial court would have been bound to give it in light of his testimony that his acts with L. N. did not involve oral sodomy; that there was a reasonable probability that the jury then would have found him guilty of only the lesser included offense; and that such verdict would have subjected him to the sentencing range for child molestation, rather than the sentencing range for aggravated child molestation.[8]

The record shows that, had Nguyen's trial lawyer submitted a written request for a jury instruction on the lesser included offense of child molestation, the trial court would have been required to so instruct the jury.[9] The record further shows, however, that no such request was submitted due to the defense's trial strategy.[10] At the motion for new trial hearing, Nguyen's trial lawyer testified that when he consulted with Nguyen before trial about the defense, Nguyen was adamant that no act of oral sodomy had occurred; the defense, therefore, had focused on that alleged element. To that end,

---

[5] *Suggs*, supra at 88.

[6] Id.

[7] See *Pitts v. State*, 287 Ga. App. 540, 545-546 (3) (a) (652 SE2d 181) (2007) (recognizing that child molestation is a lesser included offense of aggravated child molestation, which requires the additional element of either an act of sodomy or an act which physically injures the child).

[8] Nguyen was sentenced to 25 years, to serve 12 in confinement. At the pertinent time, the Code section providing punishment for a first-time offender of child molestation, as was Nguyen, stated, "A person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years. Upon such first conviction of the offense of child molestation, the judge may probate the sentence. . . ." OCGA § 16-6-4 (b) (2005). See Ga. L. 1995, p. 958, § 4. The then-applicable Code section for aggravated child molestation pertinently provided, "A person convicted of the offense of aggravated child molestation shall be punished by imprisonment for not less than ten nor more than 30 years." OCGA § 16-6-4 (d) (1) (2005); see Ga. L. 1997, p. 1579, § 1.

[9] See *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990) (a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense).

[10] The trial court pertinently instructed the jury:
A person commits the offense of aggravated child molestation when that person does an immoral or indecent act to or with a child less than 16 years of age with the intent to arouse or satisfy the sexual desires of either the child or the person and the act involves the act of sodomy. The act of sodomy is defined as performing or submitting to a sexual act involving the sex organs of one in the mouth or anus of another.

the attorney explained, Nguyen had elected to take the stand and expressly deny that allegation. In addition, the attorney had elicited on L. N.'s cross-examination that her initial written police statement contained no express reference to sodomy, but stated that she and Nguyen had "kissed and cuddled." L. N. testified on cross-examination that, after an interview with a second police officer, she revised her police statement to describe that she and Nguyen had "kissed, cuddled, and kissed below the waist." Moreover, the trial transcript shows that Nguyen's trial attorney elicited testimony on cross-examination of the security guard who had initially observed L. N. and Nguyen by camera that he (the guard) had not seen L. N. adjust her skirt by pulling it down when she stepped out of the car, even though the guard had so claimed in his police statement. Nguyen's attorney also elicited testimony from both guards that they had not seen L. N.'s panties off her body. And, the attorney recalled at the new trial hearing, the surveillance camera had not captured anything inside the car below the mid-chest level of the car seats, and thus the videotape presented to the jury had not shown oral sodomy. According to the defense lawyer, the case as to the alleged, requisite element of oral sodomy had been extremely close.

This record demonstrates an "all or nothing" defense strategy on the basis that Nguyen was innocent of any offense involving oral sodomy.

> [I]t is critically important for defense lawyers in a jury trial to consult fully with accuseds in such vital matters as the decision whether to pursue an "all or nothing" defense and whether to request the lesser included offenses the trial court may be willing to submit to the jury, and . . . the effect of a failure to so consult must be rigorously scrutinized when ineffective assistance of counsel is asserted.[11]

Nguyen did not testify at the new trial hearing, and he has not asserted to the trial court or to this court that his trial lawyer failed to consult with him regarding the decision to pursue such a strategy.

In determining whether trial counsel's performance was deficient, we view counsel's conduct at the time of trial and under the circumstances of the case.[12] And there is a strong presumption that counsel's conduct falls within the wide range of reasonable profes-

---

[11] *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993).
[12] *Berry v. State*, 267 Ga. 476, 479 (4) (480 SE2d 32) (1997).

sional conduct and that all significant decisions were made in the exercise of reasonable professional judgment.[13]

"There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."[14] And it is immaterial that another attorney might have employed a different defense and thus maintained that Nguyen was guilty only of a lesser included offense.[15] "Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[16] Under the circumstances of this case, "it was entirely reasonable for the trial attorney to base the defense and, consequently, the requested jury instructions on [Nguyen's] assertion of innocence" with respect to the indicted offense, rather than risk a conviction on a lesser included offense based upon uncontroverted evidence that Nguyen had committed child molestation.[17]

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.[18]

(b) Nguyen argues that his trial counsel erred by failing to object to the prosecutor's remarks in closing argument, which he asserts improperly swayed the jury into finding him guilty. First, Nguyen complains that the prosecutor referred to a television show, *To Catch a Predator*, and then labeled him a predator:

> Ladies and Gentleman, I don't know if you ever watch the TV show *To Catch a Predator* that comes on TV. I watch it a good bit. Doing the job that I do, it still amazes me that people, adults meet children on the Internet, and travel hours coming to locations all over the country to meet these

---

[13] *Allen v. State*, 283 Ga. 304, 307 (4) (658 SE2d 580) (2008).

[14] *Strickland*, supra at 689 (III) (A) (citation omitted).

[15] *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007).

[16] Id. (citations and punctuation omitted).

[17] Id. (citation and punctuation omitted); see *Harris v. State*, 274 Ga. 422, 428 (9) (554 SE2d 458) (2001); *Atwell v. State*, 293 Ga. App. 586, 588-589 (2) (a) (667 SE2d 442) (2008).

[18] *Van Alstine*, supra at 4-5 (citation omitted); see *King*, supra.

YALE LAW LIBRARY

children and engage in sexual conduct with these children. It's unbelievable to me. . . . This man [Nguyen] is a predator.

Nguyen argues that it was inappropriate for the prosecutor to paint him into the picture of other adults who had been able to encounter minors by way of the Internet, then arranged to spend time with them for sexual purposes, but were ultimately caught on camera engaging in or attempting to engage in illicit, illegal activities.

We disagree that trial counsel erred by failing to object to the cited reference and label. "Counsel enjoys very wide latitude in closing arguments, and may make use of well-known . . . illustrations, so long as [counsel] does not make extrinsic or prejudicial statements that have no basis in the evidence."[19] In this case, there was evidence properly before the jury that, after encountering 14-year-old L. N. in an Internet chat room, 24-year-old Nguyen traveled the next month from Kansas to Georgia, picked up her and her friends from school on several days, eventually separated her from her friends and moments later committed upon her aggravated child molestation. Closing argument is appropriate, where, as here, "it is derived from evidence properly before the jury."[20] Thus, an objection to the cited remark would have been meritless, and failure to make a meritless objection is not an instance of deficient performance.[21]

Second, Nguyen contends that the prosecutor inappropriately raised the specter of the future dangerousness of not convicting him when the prosecutor remarked that "[w]ithout the advance[d] surveillance equipment that they had at [the parking lot], this predator would never have been caught. This would have gone on. [L. N.] would have gone on. He would have gone back to Texas [sic] to prey on another girl." But even assuming that the fleeting comments were improper reflections on Nguyen's future dangerousness and that defense counsel was deficient in failing to object,[22] there is no reasonable probability that, but for that failure, the outcome of Nguyen's trial would have been different.[23]

---

[19] *Head v. State*, 276 Ga. 131, 135 (6) (575 SE2d 883) (2003) (punctuation and footnotes omitted).

[20] *Spiller v. State*, 282 Ga. 351, 354 (3) (647 SE2d 64) (2007) (footnote omitted).

[21] See *King*, supra at 508 (2) (b).

[22] See *Wyatt v. State*, 267 Ga. 860, 864 (2) (b) (485 SE2d 470) (1997) (holding it manifestly improper for a prosecutor to argue to the jury during the guilt-innocence phase of any criminal trial that if found not guilty, a defendant poses a threat of future dangerousness).

[23] See *Nichols v. State*, 281 Ga. 483, 486 (2) (c) (640 SE2d 40) (2007) (recognizing that failure to object to prosecutor's improper reflections upon a defendant's future dangerousness

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 4, 2009 —
RECONSIDERATION DENIED MARCH 23, 2009.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Alston C. McNairy, Assistant District Attorney*, for appellee.

may not establish ineffective assistance of counsel); *Lloyd v. State*, 280 Ga. 187, 192 (2) (d) (ii) (625 SE2d 771) (2006) (same).