## A09A0717. RAVON v. THE STATE.

(678 SE2d 107)

PHIPPS, Judge.

A jury found Anthony Ravon guilty of committing rape and aggravated sodomy against B. W. between January 1998 and November 2000. He appeals his convictions for these offenses, contending that the trial court erred in rejecting his claim of ineffective assistance of counsel.

> In order to succeed on a claim of ineffective assistance, [a defendant] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[1]

Because Ravon has demonstrated no merit in his contention, we affirm.

At trial, in the state's opening statement, the prosecutor outlined to the jurors: "Essentially your question in this case is two fold, you'll have two real questions to ask yourself at the end of the case. Number one is did he do it, and I expect to show you that the Defendant admits that he did. The second question is could [B. W.] give an intelligent consent to this?"

Accordingly, the state introduced in evidence Ravon's January 2001 police statement, wherein he admitted that, at his residence, he had twice engaged in sexual intercourse with B. W. and B. W. had put his penis in her mouth. Ravon stated, however, that B. W. had consented to all of the sexual acts. In contrast, B. W. testified that she had not consented to the sexual acts and had struggled against Ravon's advances.

The state showed further that B. W. was the adult sister of Ravon's wife and that she was living with the couple at the time of the acts underlying this case. Another of the siblings' sisters, who had once discovered B. W. and Ravon engaging in sexual intercourse, testified that Ravon had "no business messing with [B. W.] because she handicap." Ravon's wife also testified to B. W.'s limited capabilities, stating that B. W. could not be left alone and that she had physical disabilities.

---

[1] Smith v. State, 283 Ga. 237, 238 (2) (657 SE2d 523) (2008) (citations and punctuation omitted); see Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

On motion for new trial, Ravon's attorney claimed that the state's case turned on the issue of consent, and in particular, whether B. W. had the mental capacity to consent. He argued that a defense expert should have been retained so that the jury could have "hear[d] what would possibly be favorable evidence from that perspective [sic] witness at that time." The attorney produced no expert testimony at the new trial hearing, thereby resting his argument on mere speculation.[2]

Ravon's trial attorney testified at the new trial hearing that he had become knowledgeable of B. W.'s mental capacity through Ravon's wife, as well as through various reports concerning B. W.'s condition. It had appeared to him that B. W. had "some capacity to understand what was going on in her surroundings, and perhaps to consent even to the sexual contact that was alleged." Further, the attorney had recognized that the ultimate determination of this issue would rest with the factfinder, and he had believed that expert opinion evidence would not sway the jury.[3]

Ravon has failed to demonstrate merit in his contention that the trial court erred by rejecting his claim of ineffective assistance of counsel. "Where, as here, the defendant fails to proffer the testimony of an uncalled witness, he cannot prove that there is a reasonable probability that the trial would have ended differently."[4] Moreover, Ravon's trial counsel gave a reasonable explanation for not introducing expert opinion evidence on the issue of consent. "That counsel did not introduce every single piece of evidence that another lawyer might have introduced does not require a finding of inadequate representation and [Ravon] has made no showing that the presentation of additional evidence would have altered the outcome of the trial."[5]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 29, 2009.

---

[2] See *McDaniel v. State*, 279 Ga. 801, 802 (2) (c) (621 SE2d 424) (2005).

[3] See *Melton v. State*, 282 Ga. App. 685, 690 (2) (a) (639 SE2d 411) (2006) (whether the state had discharged its burden of proving beyond a reasonable doubt that the victim's disability rendered her incapable of knowing and intelligent consent to the alleged sexual act was for the jury to decide); *Baise v. State*, 232 Ga. App. 556, 559-560 (2) (502 SE2d 492) (1998) (although the victim's consent or lack thereof is not generally a matter beyond the ken of the average juror, it may become an issue on which expert opinion testimony is proper depending on the circumstances of the case; where expert opinion is given on the issue whether the victim was mentally incapable of consenting to sexual intercourse, the jury is entitled to accept or reject the opinion).

[4] *McDaniel*, supra (citation omitted).

[5] *Allen v. State*, 283 Ga. 304, 308 (4) (658 SE2d 580) (2008).

*W. Keith Barber*, for appellant.

*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.